MOBLEY vs. CLARK and others.

B., the agent of a corporation, drew a draft upon the company at New York, in favor of M. for the amount of a protested draft previously drawn by such agent, in M.'s favor and then held by him. Both the drawer and the drawee were insolvent at the time the draft was drawn, and were known to M. to be so. In drawing the draft, B. acted only as the agent of the company, had no funds in the hands of the drawees, and had no reason to believe that he had any. M. sent the draft to the defendants, a banking house at New York, for collection. It was duly presented for acceptance, and was accepted, but was not presented and protested for non-payment. *Held* that the defendants were not bound to present the draft and demand payment, and were not liable to M. for their neglect to do so.

Where the drawer of a bill has no funds in the hands of the drawee, applicable to the payment of the bill, a presentment of the bill for payment, and protest and notice, are not necessary to charge the drawer.

APPEAL from a judgment entered at a special term, after a trial at the circuit. Mobley, the plaintiff in this cause, holding a protested draft of the Mississippi Mining and Manufacturing Company, drawn at Mineral Point, Wisconsin, by the agent there of the company, upon the company in the city of New York, for about the sum of $1300, made an arrangement with the agent in Wisconsin, by which the agent was to draw another draft on the company in New York for the same amount. This was done under the expectation that the new draft would be paid, as it was supposed that the company was coming up. Accordingly, Bellows, the agent of the company, on the 21st June, 1834, drew a draft for the amount of the protested draft, ($1359.74,) upon the company in New York, at thirty days after date, to the order of the plaintiff. The draft was sent to the defendants, a banking house in the city of New York, for collection, and was duly presented for acceptance and was accepted, but was not presented and protested for non-payment, whereby the plaintiff alleged that the drawee was discharged, and he claimed to recover from the defendants the amount of the draft by reason of the negligence. The testimony warranted the assumption that both drawer and drawee were insolvent at the time the draft was drawn, and

Mobley *v.* Clark.

known to be so to the plaintiff. That the drawee in drawing the draft acted only as the agent of the company, and that he had no funds in the hands of the drawees to pay the draft, and had no expectation or belief that he had such funds.

On the trial the defendants, upon the evidence adduced, moved to dismiss the complaint, which motion was granted by the judge at the circuit; to whose decision the plaintiff excepted.

*J. S. L. Cummins,* for the plaintiff.

*J. E. Burrill,* for the defendants.

*By the Court,* DAVIES, P. J. It is difficult to perceive upon what ground the plaintiff can recover in this case. This draft was given as a convenient method to obtain payment of an existing debt of this corporation. The plaintiff parted with nothing on the faith of it, and is in the same position now, as he was before he received it. That a draft drawn under such circumstances, and for such a purpose, need not be presented for payment and demand made, is settled by the court of appeals in *Fairchild* v. *Ogdensburgh Rail Road Co.,* (15 *N. Y. Rep.* 337.) Denio, C. J., there says : "The paper which it is alleged was given for this indebtedness was not a bill of exchange. The idea of a bill, under the law merchant, supposes the existence of a party other than the drawee to whom the bill is addressed, and who is therein requested to pay the amount to the holder on account of the drawer. Here the party with whom the plaintiff dealt was the corporation, which being an artificial person, could only act by agents. * * * * *Both the drawee of the order and the party to whom it was addressed,* represented the corporation, and neither incurred or were expected to incur any personal obligation. The default of either, in performing any duty respecting the order, would be the default of the corporation, and would not subject either of them to any individual liability. * * * To require from

Mobley *v.* Clark.

the holder of such a draft the kind of diligence which the law exacts of the holder of commercial paper, would be a perversion of its object." This authority, and the conclusiveness of this reasoning, dispose of the present case. It meets it at all points, and there is no escape from its binding character.

But it was urged by the plaintiff's counsel on the argument, that Bellows, the drawer of the draft, had made himself liable individually upon the draft, and that therefore the plaintiff was entitled to enforce that liability ; which right he had been deprived of by the neglect of the defendants.

There are several answers to this position.

1. If the court of appeals are correct in the case cited, (*supra*,) the drawer of this draft never was liable individually, nor could he be made liable by protest and notice to pay it.

2. The drawer himself testifies that he should never have defended on that ground, and that he never objected to payment by him upon that ground.

3. It conclusively appears that the drawer had no funds in the hands of the drawee applicable to the payment of this draft, and that he had no reasonable expectation that he would have funds for that purpose. To charge the drawee of a bill in such a case, a presentment of the bill for payment, and protest and notice, are not necessary. (*Edwards on Bills*, 490, *and cases cited*.) If Bellows, the drawer of this draft, was individually liable to the plaintiff to pay the same, he has not been discharged from such liability by any act of the defendants, or any omission on their part.

We think the motion to dismiss the complaint was properly granted, and that the judgment appealed from should be affirmed with costs.

[NEW YORK GENERAL TERM, September 20, 1858. *Davies, Hogeboom* and *Sutherland*, Justices.]