## COMMONWEALTH *vs.* JONATHAN S. BUTTERICK.

On the trial of an indictment for forging the name of S. as indorser of a bill of exchange drawn by the defendant on himself, payable to his own order, accepted, and indorsed with his own name above the name of S., the jury are warranted in finding, upon the production of the bill itself in evidence, and in the absence of any evidence to the contrary, that the name of S. was written on the bill after the defendant wrote his own name as drawer, acceptor and first indorser.

An order for the payment of money drawn by a person on himself, payable to his own order, and by himself accepted and indorsed, may properly be described in an indictment as a bill of exchange.

In an indictment for forging the name of an indorser on the back of a bill of exchange, an averment that the acceptance of the bill was indorsed upon the face thereof is sufficiently intelligible and correct.

When a single fact is alleged with time and place in an indictment, the words " then and there," subsequently used as to the occurrence of another fact, refer to the same point of time, and necessarily import that the two were precisely coexistent.

In an indictment for fraudulently uttering as true a security for money bearing a forged indorsement, an allegation that the defendant on a day specified had in his possession the security so indorsed, and did " then and there " utter it as true with intent to defraud, " then and there " well knowing the indorsement to be forged, avers one act of possession, and a simultaneous uttering, guilty knowledge and fraudulent intent; and sufficiently avers that the forgery existed when the security was uttered.

An indictment for uttering as true a forged security for money with intent to defraud need not aver the name of the person to whom it was uttered; nor, since the Gen. Sts. *c.* 162, § 13, took effect, the name of the person intended to be defrauded.

In an indictment for forgery or for uttering a forged instrument as true, an averment that the whole instrument was forged is satisfied by proof of a forgery of any material part thereof.

INDICTMENT for forging securities for money, and uttering forged securities for money as genuine; containing originally ten counts, only the first two and last three of which are ma terial.

The first count charged that on March 12, 1866, at Sterling the defendant " had in his custody and possession a certain bill of exchange for the payment of money," of the following tenor " $850. Sterling, March 12, 1866. Three months after date pay to the order of myself eight hundred and fifty dollars, value received, and charge the same to the account of your obedient servant, J. S. Butterick. To J. S. Butterick, Sterling, Mass.; " that " upon the back thereof was then and there written an indorsement thereof of the tenor and effect following, to wit, ' J. S. Butterick;' " and " there was then and there written upon

the face of said bill of exchange the following indorsement, to wit, ' Payable at the Lancaster N. Bank, J. S. Butterick;'" and that the defendant " did then and there falsely make, forge and counterfeit, on the back of said bill of exchange, beneath the indorsement of the name of J. S. Butterick on the back of said bill of exchange, an indorsement of said bill of exchange of the tenor and effect following, to wit, ' J. M. Stevenson,' with intent to injure and defraud."

The second count alleged that the defendant at the same date and place " had in his custody and possession a certain bill of exchange for the payment of money," of the following tenor : " $850. Sterling, March 12, 1866. Three months after date pay to the order of myself eight hundred and fifty dollars, value received, and charge the same to the account of your obedient servant, J. S. Butterick. To J. S. Butterick ;" " on which bill of exchange was then and there written an indorsement thereof of the tenor and effect following, to wit, ' J. S. Butterick;' that there was then and there written on said bill of exchange a certain false, forged and counterfeit indorsement of said bill of exchange, of the tenor and effect following, to wit, ' J. M. Stevenson ;'" and that the defendant " did then and there utter and publish as true the aforesaid false, forged and counterfeit indorsement of said bill of exchange with intent to injure and defraud," " then and there well knowing the aforesaid indorsement of the name of J. M. Stevenson upon the aforesaid bill of exchange to be false, forged and counterfeit."

The eighth count charged that the defendant on January 22, 1866, at Sterling, " had in his custody and possession a certain false forged, altered and counterfeit promissory note for the payment of money," of the following tenor : " $675. Sterling, January 22, 1866. Three months after date I promise to pay to the order Taylor Ross six hundred and seventy-five dollars, value received, at Lancaster N. Bank. Silas Priest ;" " on which said promissory note was then and there written a certain false, forged and counterfeit indorsement of said promissory note, of the tenor and effect following, to wit, ' Taylor Ross ·' " and that the defendant " the said false, forged, altered and coun-

terfeit promissory note did then and there utter and publish as true, with intent to injure and defraud," " then and there well knowing the aforesaid promissory note to be false, forged, altered and counterfeit."

In the ninth and tenth counts averments like those of the eighth count were applied to two other promissory notes.

At the trial in the superior court, *Devens*, J., overruled a motion filed by the defendant before the jury were impanelled, to quash these counts as not setting forth any offence with due certainty ; of which the following are the material parts :

" Because the first count contains no description or copy of the instrument upon which the forged .indorsement is alleged to have been made, inasmuch as said indorsement is alleged to have been made upon a bill of exchange, and the instrument set forth does not purport to be a bill of exchange ; because said instrument does not appear, nor can it be, of any legal validity and because the allegations are contradictory and inconsistent, averring an indorsement to have been made upon the face of the bill.

" Because the second count contains no description or copy of the instrument upon which the forged indorsement is alleged to have been made, inasmuch as said instrument is alleged to have been a bill of exchange, and the instrument set forth does not purport to be a bill of exchange ; because said instrument was of no legal validity ; and because it does not allege that the defendant knew said indorsement to be forged at the time of uttering the same.

" Because the eighth count does not purport to set forth a copy or substantial description of the note at the time of uttering, or while the same was in the possession of the defendant ; nor does it state to whom said note was uttered, nor that it was uttered with an intent to defraud any person, nor wherein said note was altered.

" Because the ninth and tenth counts are defective, for the reasons above stated in regard to the eighth count."

The trial proceeding, the only evidence introduced under the first count " was the evidence of the said Stevenson, who testi

fied that said signature of his name was not his own, and that it resembled the handwriting of the defendant; the testimony of an expert that the forged indorsement was in the handwriting of the defendant; and the testimony of the cashier of the Lancaster National Bank that the said bill was passed as genuine by the defendant, with the indorsements thereon as above set forth. There was no testimony as to the time when, or order in which, said indorsements were written. The defendant requested the judge to rule that, in order to convict the defendant under the first count, the jury must be satisfied, from the evidence, that the first two indorsements were upon the bill when the indorsement of the name of 'J. M. Stevenson' was forged by the defendant; and that there was no evidence introduced tending to prove this fact. The judge declined so to rule, and ruled that the jury were authorized to convict the defendant under the first count, upon the evidence above set forth."

The jury found the defendant guilty on the first, **second,** eighth, ninth and tenth counts; and he alleged exceptions.

*G. F. Hoar & G. A. Torrey,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

FOSTER, J. The first exception is, that the judge at the trial refused to rule that there was no evidence that the forged name of J. M. Stevenson was placed by the defendant on the bill after he wrote his own name there as drawer, acceptor and first indorser. But we think the form of the instrument and the natural order of the names was evidence from which a jury was authorized to infer that they were actually written in the succession in which they purport to have been. There would seem to be little doubt that, when Butterick drew a bill on himself payable to his own order, he would have accepted it and indorsed it before he placed on it the forged name which was designed to strengthen the credit of his own, and without which it would be only paper with a single name, such as banks are not accustomed to discount. Certainly the presumption is, that the second indorsement was made after the first, and after the name of the drawer had been signed; and where the same person is acceptor also, we think the natural inference is that his

name likewise was written when the bill was drawn, and before it was indorsed, and that the jury were authorized so to conclude and find.

2. Upon principle, as well as by the authorities cited by the attorney general,* we entertain no doubt that an order for the payment of money, drawn by one in his own favor on himself, and by himself accepted and indorsed, may be treated as a bill of exchange, and so described in an indictment. Such instruments are well known in commerce; especially in the case of mercantile firms which have branches in different cities, all composed of the same partners. Perhaps such a bill may also be declared upon as a promissory note. But we agree with the court of queen's bench in the latest English case on the question, decided in 1852, that "it is not unjust to presume that it was drawn in this form for the purpose of suing upon it either as a promissory note or a bill of exchange." *Lloyd* v. *Oliver,* 18 Q. B. 471. It is sufficient that the instrument was in the form of, and purported to be, a bill of exchange; and the defendant might be convicted of forging this indorsement, if all the other names were also forged or were those of fictitious personages.

3. The allegation that the words, "Payable at the Lancaster National Bank, J. S. Butterick," were indorsed on the face of the bill is sufficiently intelligible and correct. In this connection, "indorsed" merely means "written upon;" and the use of the word is justified by lexicographers as well as legal decisions. *Rex* v. *Bigg,* 1 Stra. 18.

4. In the second count, the words "then and there," as ap-

---

* *Pitcher* v. *Barrows,* 17 Pick. 363. *Bigelow* v. *Colton,* 13 Gray, 310. *Clapp* v. *Rice,* Ib. 404, 405. *Magor* v. *Hammond,* referred to by Bayley, J., in *Harvey* v. *Kay,* 9 B. & C. 364. *Wildes* v. *Savage,* 1 Story, 22. Patteson, J., in *Davis* v. *Clarke,* 6 Q. B. 18, 19. *Cunningham* v. *Wardwell,* 3 Fairf. 469. Story on Bills, §§ 35, 36, 59, and cases cited. *Edis* v. *Bury,* 6 B. & C. 435. *Lloyd* v. *Oliver,* 18 Q. B. 471. Story on Notes, § 6. Bayley on Bills, (6th Eng. ed.) 8. 1 Parsons on Notes and Bills, 63. *Regina* v. *Pike,* 2 Mood. 76, 77. 2 Russell on Crimes, (4th Eng. ed.) 353. The defendant cited to the same point, *Miller* v. *Thomson,* 3 M. & G. 575; *Regina* v. *Bartlett,* 2 Mood. & Rob. 362; *Mobley* v. *Clark,* 28 Barb. 390; *Fairchild* v. *Ogdensburg, Clayton & Rome Railroad Co.* 15 N. Y. 337.

plied to the guilty knowledge of the defendant, refer to the time when and place where he had in his possession and uttered the bill. It is charged that he had on a day named one forged bill, and then uttered it and then knew it to be forged. This is an averment of one act of possession, and of a simultaneous uttering and guilty knowledge. In *Edwards* v. *Commonwealth,* 19 Pick. 124, the judgment was reversed on a writ of error, be cause, where the possession of ten or .more counterfeit bills at one time was of the essence of the offence, the indictment merely alleged possession of ten bills on one day, and not at once on that day. But the case expressly recognizes and ex-pounds the doctrine that, where a single fact is alleged with time and place, the words " then and there," subsequently used as to the occurrence of another fact, refer to the same point of time, and necessarily import that the two were precisely coexistent.

5. The same rule answers the objection that the last three counts do not allege that the notes set forth were forged when uttered. In each case the averment is explicit, that the forgery existed while the note was in the defendant's possession, and that he then uttered it with guilty knowledge and intent to defraud.

6. The name of the person intended to be defrauded need not be alleged. Gen. Sts. *c.* 162, § 13. Before this statute was en-acted, it was not necessary nor usual to set forth the name of the person to whom the forged instrument was uttered and pub-lished. *Hopkins* v. *Commonwealth,* 3 Met. 460. Certainly the provision was not intended to require any new strictness in crim-inal pleading. When it was held necessary to name the party intended to be defrauded, the person whose name was forged might be named, and the law presumed an intent to defraud him. *Commonwealth* v. *Starr,* 4 Allen, 301. Of course, that mode of pleading gave the defendant no more information as to the nature of the charge he was to meet than this defendant has under the present indictment. In our opinion, neither the usages of crim-inal pleading, nor the provisions of the Declaration of Rights that offences shall be plainly, substantially and formally de-scribed, require any more particular description than these counts contain.

7. It is clear that the averment that a whole instrument which is set forth has been forged is satisfied by proof of a forgery of any material part thereof. 1 Hale P. C. 684. *Rex* v. *Atkinson*, 7 C. & P. 669.  *Exceptions overruled.*