### STATE *vs.* PATRICK HURLEY.

### Cumberland.    Opinion August 5, 1880.

*Indictment.    " Then and there."*

The rule is that when one fact is alleged in an indictment with time and place, the words "then and there," subsequently used, as to the occurrence of another fact, refer to the same point of time, and necessarily import that the two were co-existent.

ON EXCEPTIONS from superior court, Cumberland county.

After verdict against the defendant, he filed a motion in arrest of judgment for reasons which sufficiently appear in the opinion. The motion was overruled by the presiding justice, and the defendant excepted.

(Indictment.)

"State of Maine.    Cumberland, ss.    At the superior court, begun and holden at Portland, within and for the county of Cumberland, on the first Tuesday of September, in the year of our Lord one thousand eight hundred and seventy-nine, the grand jurors for said State, upon their oath present, that Patrick Hurley, of said Portland, laborer, on the twenty-eighth day of June, in the year of our Lord one thousand eight hundred and seventy-nine, at Deering, in said county of Cumberland, with force and arms, the dwelling house of one Catherine Connors there situate in the night time feloniously, willfully and maliciously did set fire to with intent to burn the same, and the said dwelling house was thereby then and there burnt and consumed against the peace of said State, and contrary to the form of the statute in such case made and provided.

A true bill,    JAS. N. READ, Foreman."

*T. H. Haskell*, attorney for the State for said county.

*Henry B. Cleaves*, *Attorney General*, for the State, cited :. *State* v. *Taylor*, 45 Maine, 322 ; *State* v. *Hill*, 55 Maine, 365 ;. *State* v. *Watson*, 63 Maine, 128.

*Clifford & Clifford*, for the defendant.

The indictment starts with a description of the highest grade of the offence, the setting fire in the night time, but does not continue it by an allegation, or its equivalent, that the burning was in the night, and so is not complete and sufficient. Heard Crim. Pl. 87 ; *Edwards* v. *Commonwealth*, 19 Pick. 124 ; *Davis* v. *The Queen*, 10 B. & C. 89. "Then and there" relate to day of the month and place.

APPLETON, C. J. This is an indictment for arson under R:. S., c. 119, § 1.

The indictment alleges that the defendant at Deering, &c., on twenty-eighth day of June, 1879, with force and arms the dwelling house of one Catherine Connors, there situate, in the night time felonously, willfully and maliciously did set fire to with. intent to burn the same and the said dwelling house was thereby then and there burnt and consumed.

The setting fire to the dwelling house is alleged with time,. —the night time of the twenty-eighth of June, 1879, and with place, — Deering. The rule is, that when a single fact is alleged: with time and place, the words "then and there," subsequently used as to the occurrence of another fact, the burning thereby,. refer to the same point of time, and necessarily import that the two were co-existent. *Com.* v. *Butterick*, 100 Mass. 12. Where more times than one have been mentioned in the indictment, it is: not sufficient to use the words "then and there," because it is. uncertain to which of the times previously named they refer: 1 Bishop's Criminal Procedure, (2d ed.) § 414; *State* v. *Hill*, 55. Maine, 365. But in this indictment but one time is named.

But if the indictment was held not sufficiently to describe an offence in the night, then it must be regarded as describing one in the day time, according to the argument of defendant's counsel,.

and as the punishment now is the same, whether committed by day or night no reason is perceived for arresting judgment.

*Exceptions overruled.*

*Judgment on the verdict.*

WALTON, BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., con-curred.