CASE 78—INDICTMENT—October 4.

# Johnson v. Commonwealth.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

1. DEMURRER TO INDICTMENT.—A demurrer is the proper mode of objecting to an indictment upon the ground that it charges two offenses.
2. INDICTMENT FOR FORGERY.—An indictment, which alleges that the defendant did "utter and publish" as true a certain false, "forged and counterfeited" order, charges but a single offense. It was not intended by the use in the statute of the words "utter or publish" to state two offenses; nor was it so intended by the use of the words "forge or counterfeit," these words being used in their general sense, and as importing that which is false.
3. SAME—VARIANCE.—The fact that the evidence showed a forged order only, and which was not in the strict sense of the term a counterfeit one, did not constitute a variance between the indictment and the proof.

JAMES R. W. SMITH FOR APPELLANT.

1. The indictment, in charging the defendant with uttering and publishing both "a forged and a counterfeited order," charges two distinct offenses. (Gen. Stats., chap. 29, sec. 5; Commonwealth v. Williams, 13 Bush, 267; Kirby v State, 1 Ohio St., 185.)
2. If an indictment shows upon its face that two offenses are charged, a demurrer is fatal. (Ellis v. Commonwealth, 78 Ky., 130; Nichols v. Commonwealth, 78 Ky., 180.)
3. Indictments must be strictly construed. (Commonwealth v. Walters, 6 Dana, 290.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

The indictment charges but a single offense. The statute does not use the words "forged or counterfeited" for the purpose of making out two separate offenses, but simply states one offense in the alternative.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This appeal really presents but one question. The indictment charges that the appellant, Henry Johnson, "did utter and publish as true a certain false, *forged and counterfeited* order." It is copied in the

indictment, which also fully states how the order was uttered. Objection by demurrer was made to the indictment upon the ground that it charges two offenses. This was a proper mode of raising the question. (Criminal Code, sec. 165; Ellis v. Commonwealth, 78 Ky., 130.)

The statute under which the indictment was found provides: "If any person shall *forge or counterfeit* any deed, will, testament, bond, writing obligatory, bill of exchange, order, promissory note for the payment of money or other thing, or any indorsement or assignment of a bond, writing obligatory, bill of exchange, order or promissory note for the payment of money or other thing, or any acquittance or receipt for money, or property or other thing, with intention to defraud another, or shall knowingly utter or publish as true any such instrument as above described, * * * * shall be confined in the penitentiary not less than two nor more than ten years." (Section 5, article 9, chapter 29, General Statutes.)

It is contended, as this statute has the disjunctive "or," that to utter a forged order is one offense, and to utter a counterfeit order is another; and that as the indictment charges the accused with uttering a "forged *and* counterfeited order," the demurrer should have been sustained. In other words, it is claimed that he is charged with uttering a forged order, and also a counterfeit one. It is also contended, as the statute uses the word "utter or publish" in the disjunctive, that uttering the writing is one offense, and publishing it is another; and as the indictment charges that the accused "did utter *and* publish," therefore, two offenses are charged.

This last contention is certainly unfounded. Legally the words "utter" and "publish," as used in this statute, are synonymous. It serves, however, to illustrate, to some extent at least, that the first contention is also without support. The statute does not use the words "forge or counterfeit" for the purpose of stating two offenses. This evidently was not so intended, and it should not, therefore, be so construed. If the writing uttered be either forged or counterfeited, it is the same offense. The words are merely descriptive. It is the same offense whether the writing was, strictly speaking, forged or counterfeited. The offense is the uttering of a particular paper, which is set out in the indictment. In one sense, or strictly speaking, perhaps a counterfeit order presupposes the existence of a genuine one. A counterfeit order is a forged one, but a forged order may or may not be a counterfeit one; but we are inclined to the opinion that the words "forge or counterfeit" were used in the statute in their general sense, and as importing that which is false, and that their use in it is, therefore, to be regarded in the same way as the use of the words "utter or publish." The fact, therefore, that the evidence showed a forged order only, and which was not, in the strict sense of the term, a counterfeit one, did not constitute a variance between the indictment and the proof; and for the reasons already given in support of the indictment, the instructions complained of were not erroneous.

The appellant could not well have been misled as to the writing he was charged with fabricating, because it was set forth in the indictment.

Judgment affirmed.