CASE 55—PROSECUTION AGAINST S. A. BRADLEY FOR EM-
BEZZLEMENT.—March 2, 1909.

# Commonwealth v. Bradley

Appeal from Jefferson Circuit Court—Criminal
Division.

JOSEPH PRYOR, Judge.

From an order sustaining a demurrer to the indict-
ment the Commonwealth appeals.—Affirmed.

1    Embezzlement—Officers—False Entries—Indictment—Under St.
1909, Section 2747, declaring that an officer who shall make or
permit false entries to be made in his books with intent to
cheat or defraud a city shall be punished, etc., an indictment
alleging that defendant, as live stock inspector of Louisville,
with intent to cheat and defraud the city and others whose
names were to the grand jury unknown, did feloniously make
and permit others to make false entries in the books and
records he was required to return to the city's health officer,
and that he knowingly failed to make proper entries therein,
and allow and disallow an item or items, was fatally defective
for failure to allege with respect to what duty devolving on
defendant, or what property, he made or permitted to be made
the false entries, etc., and for failure to allege what were the
items concerning which he failed to make proper entries of,
and what items he improperly allowed or disallowed.
2.    Embezzlement—Indictment—Certainty.—An indictment of a
city live stock inspector for permitting persons to make false
entries in his books, failing to allege the names of the person
or persons who were permitted to make such entries, or that
their names were unknown to the grand jury, and failing to
allege that defendant ever returned the books or records to
the health officer as required, was fatally defective for in-
definiteness.
3.    Embezzlement—Indictment—City Officer.—Where an indict-

Commonwealth v. Bradley.

ment of a city live stock inspector charged him with mis-conduct in delivering condemned live stock to be slaughtered and sold for food, etc., but did not allege whose property or how much of it defendant misapplied, or the precise manner of its misappropriation, it was fatally defective for failure to allege the particular circumstances of the offense as required by Cr. Code Prac. Section 124.

4. Indictment and Information—Joinder of Offenses.—Cr. Code Prac. Section 126, provides that, except as mentioned in the succeeding section, an indictment must charge but one offense. Section 127 provides that larceny and embezzlement may be joined. Held, that an indictment could not join a charge of embezzlement with other charges of alleged fraudulent appropriation of property and other offenses constituting misdemeanors or malfeasance in office.

5. Indictment and Information—Misjoinder of Offenses—Demurrer—A demurrer is the proper mode of objecting to an indictment for misjoinder of offenses.

6. Indictment and Information—Misjoinder of Offenses—Election—The commonwealth could not elect between misjoined offenses as authorized by Cr. Code Prac. Section 168, where the indictment was not good as to any offense attempted to be charged.

7. Embezzlement—Nature of Offense—Indictment—Description of Property—Embezzlement being purely a statutory offense partaking of the nature of larceny, an indictment therefor must describe the property with the same particularity as is required in an indictment for larceny.

8. Embezzlement—Indictment—Ownership of Property—Ownership of the property must be stated with the same degree of care as is required in an indictment for larceny.

JAMES BREATHITT, Attorney General; TOM B. McGREGOR, Assistant Attorney General and AARON KOHN for commonwealth.

F. HAGAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

Appellee was indicted in the court below for embezzlement, the making of false entries, misapplication of funds, and wrongful conversion of personal

property. A demurrer was sustained to the indictment, and, from the judgment manifesting the ruling of the court upon the demurrer, the Commonwealth prosecutes this appeal.

It is claimed by counsel for appellant that the indictment was found under section 2747, Ky. St., which provides: "If any auditor, tax receiver, treasurer or comptroller, or other assistant or deputy of such officer of said city, shall make or knowingly permit others to make a false entry in his books, or shall allow or disallow any item or items, or shall knowingly fail to make any proper entry in his books, with intent to cheat or defraud said city, or any person or corporation, or shall embezzle or knowingly misapply or withhold any money or property of any kind belonging to said city, or coming into his hands officially, such officer, assistant or deputy shall upon conviction, be confined in the penitentiary of this commonwealth not less than two nor more than ten years."

The indictment is of such unusual length that we refrain from copying it in the opinion, but will separately consider and dispose of its several accusations. After setting forth the appointment of appellee as live stock inspector of the city of Louisville and in some measure defining his duties as such, the indictment proceeds to charge:

(1) That appellee, with intent to cheat and defraud the city of Louisville and other persons and corporations interested whose names were to the grand jury unknown, did feloniously make and permit others to make false entries in the books and records he was required to return to the health officer of the city of Louisville, and did himself knowingly

fail to make proper entries therein and allow and disallow item or items. It will be observed that these averments of the indictment do not indicate with respect to what duty devolving upon appellee, or what property, he made or permitted to be made the false entries referred to, what items he failed to make proper entries of, or what items he improperly allowed or disallowed. The indictment also fails to indicate the names of the person or persons who were permitted to make the alleged false entries in the books and records he was required to return to the health officer, or that their names were to the grand jury unknown. Nor is it charged that he ever returned the books or records to the health officer. The allegations of the indictment referred to are so indefinite that it is impossible to determine from them what offense was charged, by what means it was committed, or who, if any one, was defrauded. Moreover, it is not apparent that appellee's duties are prescribed by statute, and, if defined by an ordinance of the city of Louisville, that fact should have been, but is not, alleged.

(2) The indictment further charges, in substance, that appellee did knowingly misapply and withhold money and property coming into his hands as such live stock inspector, and at various times condemn diseased live stock without tagging them, and permit them to be delivered to Henry Spatz and others to be slaughtered and sold on the market as sound meat, instead of condemning and tagging such diseased stock as unsound and having them destroyed by the dead animal contractor, as the law required him to do; that the diseased cattle thus condemned by appellee went into his possession as live stock inspector

and were misapplied by him, and used as food for human consumption after being permitted by him to be sold; and that for two years before the finding of the indictment appellee as such live stock inspector did not tag or deliver to the dead animal contractor exceeding 30 head of cattle, including diseased and crippled, to be destroyed as required by law; that from September, 1906, to September, 1907, appellee made false entries in his report and record kept as live stock inspector that he had condemned but 202 head of cattle when in truth a much larger number had been condemned by him in that time; also, that he had tagged and delievered to Pero and Stecker 79 head of cattle when in truth he had not delivered to them more than 30 head; and that in August, 1907, as such live stock inspector, he had in his possession and misappropriated 93 hogs affected with cholera which had been condemned, but which he passed and permitted Spartz to slaughter, and to sell as meat for human consumption. We can but repeat that the several matters of alleged wrongdoing last above set forth are too indefinite to inform appellee of the nature of the offense, or, rather, offenses, intended to be charged. It cannot be told from the language of the indictment whose property or how much of it he misapplied or the precise manner of its misapplication, and it does not mention the name of a single owner of cattle or hogs appellee as live stock inspector misapplied.

(3) It is further alleged in the indictment that appellee unlawfully and feloniously condemned meat that was sound, took it away from the owners, sold it, or had it sold, and appropriated the proceeds to his own use or that of others to the grand jury unknown,

and as live stock inspector "was guilty of felonious
transactions and a series thereof, by which he embez-
zled or knowingly misapplied and withheld money
and property coming into his hands officially belong-
ing to various persons and corporations, the names
of all of whom are to the grand jury unknown." The
above allegations were followed by a reiteration of
many others, previously made, imputing to appellee
the witholding of cattle from the dead animal con-
tractor which had been condemned as diseased and
unsound, the selling as fit for human consumption of
others that were diseased, the making of false entries
in the books and records kept by him, and the misap-
propriation of money, property, etc., all with the fe-
lonious intent to defraud the city of Louisville or
persons and corporations interested.  These further
and final averments of the indictment are open to the
same objections that we have said would lie to those
going before, for they are equally uncertain and
clearly lacking in the elements essential to the valid-
ity of an indictment.  No names are given of persons
whose cattle were wrongfully condemned.  No men-
tion is made of the kind or quantity of the latter con-
demned or misappropriated by appellee, to whom
they were sold, the value, or the sum or sums receiv-
ed therefor.  Can it be known from such numerous
and loose charges, what is intended, neither place,
person nor value as to any of the offenses com-
mitted at "various times" being named? Yet sec-
tion 122 Cr. Code Prac., provides: "The indictment
must contain—A statement of the acts constituting
the offense in ordinary and concise language and in
such a manner as to enable a person of common un-
derstanding to know what is intended. * * *" Section
124 provides that an indictment must be direct and

certain (1) as to the party charged; (2) as to the
effense charged; (3) as to the county in which the
offense is committed; (4) as to the particular circum-
stances of the offense charged. The indictment fails
to comply with the requirements of the above sec-
tions of the Code. Also violates section 126 of the
Criminal Code of Practice, in that it charges more
than one offense. Indeed, we may say it attempts to
charge a score of offenses without properly setting
forth one. If the many acts of embezzlement and mis-
appropriation of property laid at appellee's  door
were sufficiently alleged in the indictment, each would
constitute a separate offense, for which, if found
guilty, he might be punished. Section 126, Cr. Code
Prac., provides: "An indictment except in the cases
mentioned in the next section, must charge but one
offense, but if it may have been committed in differ-
ent modes and by different means, the indictment may
allege the modes and means in the alternative." Sec-
tion 127 declares what offenses may be joined in the
same indictment. Its language is as follows: "The
offenses named in each of the subdivisions of this sec-
tion may be charged in one indictment. (1) Larceny
and knowingly receiving stolen property. (2) Lar-
ceny and obtaining money or property on false pre-
tenses. (3) Larceny and embezzlement. (4) Robbery
and burglary. (5) Robbery and assault with intent
to rob. (6) Passing or attempting to pass counter-
feit money or United States currency or bank notes,
knowing them to be such, and having in possession
counterfeit money, or United States currency or bank
notes, knowing them to be such, with the intention of
circulating the same." It will be observed that lar-
ceny and embezzlement may be joined in the same

indictment. The indictment under consideration does not, however, charge larceny. It attempts to charge appellee with the crime of embezzlement, and further attempts to make of certain other acts therein mentioned fraudulent misappropriations of property and other offenses; all but the embezzlement constituting misdemeanors or malfeasance in office. Such a joinder of offenses in the one indictment will not be allowed. On this ground, if there had been no other, the demurrer to the indictment was properly sustained, for a demurrer is the proper mode of objecting to such a misjoinder. Johnson v. Commonwealth, 90 Ky. 488, 14 S. W. 492. It is true section 168, Cr. Code Prac., provides: "If the indictment improperly charge more than one offense, the attorney for the commonwealth may dismiss one of them, and thereupon the demurrer shall not be sustained on that ground." Ellis v. Commonwealth, 78 Ky. 130. But unfortunately for the commonwealth it could not in this case correct the misjoinder by electing to try as to one and dismiss as to the others; for the indictment is not good as to any offense therein attempted to be charged. So no election was or could be made.

It is, however, now insisted for the commonwealth that the indictment is good as to the charge of embezzlement. We cannot assent to this conclusion, and, without reiterating the defects in the indictment, it is sufficient to say that embezzlement is a purely statutory offense partaking much of the nature of larceny. Therefore "the property embezzled must be described with the same particularity and the ownership stated with the same degree of care as is required in an indictment for larceny. * * *" 1 Robertson's Criminal Law, 633-464. In Commonwealth v.

Lewis, 12 S. W. 266, 11 Ky. Law Rep. 421, it was held that the indictment charging the defendant with converting to his own use the proceeds of vacant lands which he had collected as county judge should allege, not merely that he had used the money for his own benefit, but that he failed and refused to account for or pay it over at the time, in the manner, and for the purpose required by law.

Tested by the foregoing requirements of the law, as well as in other particulars already commented upon, the indictment in the instant case is fatally defective as an indictment for embezzlement, either under section 2747, Ky. St., upon which it was attempted to be based, or section 1202 thereof, which defines the crime of embezzlement and prescribes the punishment therefor.

With respect to the question of appellee's guilt or innocence, we are not required to express an opinion; that being a matter for the determination of a jury under a valid indictment and the guidance of the trial court. But, being of opinion that the demurrer to the present indictment was properly sustained, the judgment is affirmed.