HAMILTON HARRELL, ALIAS FRANK E. HARPER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 4, 1920.

1.  An indictment for uttering a forged check or draft which charges that the defendant did utter and publish as true a certain "false, forged and counterfeited and altered" bill of exchange, does not charge two offenses under Section 3360 of the General Statutes of Florida which provides for the punishment of any one who "utters and publishes as true a false, forged and altered record, deed, instrument or other writing," etc.

2.  An indictment charging one with the offense of uttering a forged instrument need not recite in detail the particular features of the instrument that render it false.

3.  The words "false, forged, counterfeited and altered," as used in an indictment charging one with uttering a forged instrument are not repugnant nor inconsistent as a description of the false instrument.

4.  An indictment charging one with the commission of a statutory offense may use the words of the statute without a particular statement of the facts and circumstances constituting the offense, when by using the words of the statute the act in which the offense consist is fully, directly and expressly alleged without uncertainty.

5.  The offense of forgery consists of a writing in such form as to be apparently of some legal efficiency; an evil intent of the sort deemed in law fraudulent in the mind of the accused and a false making of such writing.

6.  In uttering a forged instrument the offense consists in the knowledge on the part of the accused that the instrument is false and an intent to injure or defraud another by asserting that the instrument is true.

7.  Where one deposits a forged instrument in the mail directed to a person in another county where the instrument is received, the offense, if one is committed, is in the country where the instrument was received.

A writ of error to the Circuit Court for Jackson County, C. L. Wilson, Judge.

Judgment affirmed.     ,

*John H. Carter* and *H. L. Grace,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

ELLIS, J.—Hamilton Harrell, *alias* Frank E. Harper, was indicted in the Circuit Court for Jackson County for uttering two forged bills of exchange. There were two counts in the indictment, one described the alleged false instrument to be a bill of exchange and order for money.

in the sum of $537.74. The second count described the instrument to be an order for money in the sum of $314.59.

There was a general verdict of guilty, and to the judgment entered the defendant took a writ of error.

Before the defendant was put upon trial he moved to quash the indictment upon three grounds:

"1. Because the indictment fails to charge the defendant with any offense against the laws of the State.

"2. Because the indictment fails to sufficiently show the forgery.

"3. Because the indictment is vague, indefinite, uncertain and insufficient in law."

This motion was overruled and such ruling is the basis of the first assignment of error.

The first count of the indictment, omitting cetrain formal parts, is as follows:

"One Hamilton Harrell, alias Frank E. Harper, at and in the County of Jackson, State of Florida, on the 27th day of May, A. D. 1918, then and there being, did then and there utter and publish as true, a certain false, forged and counterfeited and altered bill of exchange and order for money to and upon The First National Bank of Marianna, a corporation which said false, forged, counterfeited and altered bill of exchange and order for money, was of the following tenor, to-wit:

'L. F. Driver & Company,
　　　Yellow Pine Lumber,　　　　No. 6598
　　　　Thomasville, Ga., May 24, 1918.
Pay to the order of Frank E. Harper　　　$537.74
Five Hundred Thirty-Seven Dollars Seventy-Four Cents.
Moultrie Banking Co.　64—200.
　　　　　　　L. F. Driver & Company,

Endorsed, 'Frank E. Harper.'     C. W. Hudson, V. P.'
He, the said Hamilton Harrell, alias Frank E. Harper,
then and there knowing that the said bill of exchange
and order for money, to be false, forged counterfeited
and altered, with the intent then and there to injure and
defraud said The First National Bank of Marianna, a
corporation."

The second count charges the offense in the same lan-
guage, but the paper alleged to be a forgery is designated
as an order for money and was alleged to be for the
sum of $314.59. Each purported to be a draft of L. F.
Driver & Company upon the Moultrie Banking Com-
pany, and that the defendant uttered and published it
as true to and upon The First National Bank of Mari-
anna.

The able counsel for the defendant contends that the
indictment is fatally defective in that it "does not set
out the intsrument that was forged, but sets out the
instrument as uttered after it was forged." This is not
clear.   The defendant is charged with uttering a false,
forged, counterfeited and altered bill of exchange. That
is to say he tried to "pass," get money or goods upon a
paper that he knew was a forgery.  Whether it had any
existence before he got possession of it, or whether it was
the work of his own hands is immaterial.   The instru-
ment as presented was false, forged, counterfeited, and
he was charged with the uttering, not with the forgery.
Counsel assumes that there was once in existence a valid
document which was altered and came to the possession
of the defendant who uttered it.   Even so the document
as altered if materially altered became the forged, false,
counterfeit instrument, and if the defendant knew at the
time he offered the instrument to the bank that it had

been materially altered, but endeavored nevertheless to obtain money upon it, he was guilty of uttering a forged writing—because a "forged instrument" is a false instrument—a valid writing that has been materially altered is not the same document, and if it has been so altered with intent to defraud, it is a forgery if the writing is of such character that if genuine it might apparently be of legal efficacy or the foundation of a legal liability. See 12 R. C. L. 139.

An indictment charging one with the offense of uttering a forged instrument need not recite in detail the particular features of the instrument that render it false. It need not allege that a genuine check signed by A and made payable to B was taken by the defendant and altered by him or another by erasing B's name and substituting the defendant's. The means adopted to produce the instrument are utterly immaterial in a charge of uttering a forged instrument. The offense consists in trying to defraud another by the use of a writing which the culprit knows to be a forgery however created whether by falsely making or altering it. Either method constitutes a forgery when adopted to perpetrate a fraud. See 12 R. C. L. p. 146. So knowing the instrument to be a forgery he utters it with intent to defraud. In what possible way are his rights invaded if when charged with the fact he is not also advised of the means adopted to produce the false instrument? Could he plead that he did not know the particular means adopted constituted forgery?

Counsel also contend that the langauge of the indictment describing the instrument as a "false, forged, counterfeited and altered order for money" embarrassed the defendant, deprived him of a fair trial and put him at a

great disadvantage because the words are repugnant and inconsistent, for if the instrument was "forged" it was not a "counterfeited instrument," or if it was the latter then it was not "altered," and from the language used the defendant was not definitely advised whether the falsity of the instrument consisted in its being an entire creation, or whether it was an imitation of a genuine order, or whether it consisted of a false material alteration of a genuine paper writing. Counsel insist that as the words "false," "forged," "counterfeit" and "altered" are repugnant, they cannot be coupled by the conjunction "and." In the case of King v. State, 43 Fla. 211, 31 South. Rep. 254, where the plaintiff in error had been convicted of forgery, the indictment charged that the defendant "did falsely make, forge and counterfeit a certain false, forged and counterfeit writing," the court held upon a motion to quash the indictment, that the quoted language meant that the defendant falsely made and forged the instrument as his own creation, and To the court a writing which was "false, forged and counterfeit writing." Although the point was not directly presented that the terms used were repugnant, the court seemed to approve their use in the manner quoted. To the court a writing which was "false, forged and counterfeit" was merely a writing falsely made to defraud. There seemed to be no difficulty on the part of the court in the matter of ascertaining the meaning of the language of the indictment which is in the form approved by the authorities. See 8 Stand. Ency. of Proc. 1147; State v. Fisher, 65 Mo. 437; 2 Bishop's Crim. Proc. (3rd ed.) 167; 8 Ency. of Forms, 710; 9 Ency. of Pl. & Pr. 555.

A charge in an indictment may be made in the words of the statute, without a particular statement of facts

and circumstances when by using those words the act in which the offense consists is fully, directly and expressly alleged without any uncertainty or ambiguity. This rule is particualrly applicable to the charge of forgery where it is not necessary to set out in what particular act the forgery consisted, inasmuch as the word "forge" or "forged" includes in and of itself a statement of the particular acts which constitute this particular offense. See 12 R. C. L. Sec. 18, p. 154.

In Kentucky the statute provided, "If any person shall 'forge or counterfeit' any deed," etc., "or knowingly utter or publish as true any such instrument," etc. An indictment charged that the defendant did utter and publish a "certain false, forged and counterfeited order." The court said the statute did not use the words "forge or counterfeit" for the purpose of stating two offenses. If the writing uttered be either forged or counterfeited it is the same offense. See Johnson v. Commonwealth, 90 Ky. 488, 14 S. W. Rep. 492.

Our statute like the Kentucky statute in defining the offense of forgery uses the disjunctive "or." "Whoever falsely makes, alters, forges or counterfeits" any of the several things therein enumerated to be the subject of forgery, shall be punished as stated in the statute. But it was not the purpose of the statute to denounce or state four offenses. The words are merely descriptive. It is the same offense whether the writing was strictly speaking forged, made, altered or counterfeited. The words were used in their general sense as importing that which is false. See Sec. 3359 General Statutes, 1906, Compiled Laws, 1914.

Section 3360 provides for the punishment of any one who utters and publishes as true "a false, forged or

altered deed, instrument or other writing mentioned in the preceding section (Sec. 3359) knowing the same to be false, altered, forged or counterfeited with intent to injure or defraud any person."

Counsel for plaintiff in error refer to the case of Kirby v. State, 1 Ohio St. 185, in support of their contention that the words "make, alter, forge and counterfeit," being repugnant in meaning, an indictment which charges one with uttering an instrument that was "forged, counterfeited and altered" is bad for repugnancy. The opinion rests upon the premise that the statute of Ohio providing for the punishment of crimes, defined five unlawful bank bills which it was a crime to utter, namely: counterfeit, forged, spurious, altered and false bills. The defendant was charged with uttering a bank bill which was "false, forged, altered and counterfeit." The court reasoned that if the Legisalture had in mind these five descriptions of unlawful bank bills when it provided punishment for uttering as true bank bills of either description the defendant was entitled to the information as to which description of bank bill he was charged with uttering, and as an altered bank bill was essentially different from a counterfeit or forged one according to the legislative intention and thought the charge in the indictment was repugnant.

Our statute, Section 3359 General Statutes, 1906, Compiled Laws, 1914, was directed at the offense of forgery which at common law consisted of a writing in such forms as to be apparently of some legal efficiency; an evil intent of the sort deemed in law fraudulent in the defendant's mind and a false making of such writing. See 2 Bishop's Crim. Proc. 167. The act of forgery is generally considered to be charged by alleging that the

accused "feloniously and falsely did make, forge and counterfeit" the instrument described. The word "forge" includes a statement of the particular acts which constitute the offense.   See 8 Stand. Ency. of Proc. 1147; People v. Brotherton, 47 Cal. 388; Commonwealth v. Butterick, 100 Mass. 12; State v. Eaton, 166 Mo. 575, 66 S. W. Rep. 539; Huffman v. Commonwealth, 6 Randolph (Va.) 685; People v. Rynders, 12 Wend. (N. Y.) 425; 3 Greenleaf on Ev. Sec. 104.

In uttering a forged instrument the offense consists in the knowledge on the part of the defendant that the instrument is false; not genuine; not a true writing; a writing which is the counterfeit of something which is or has been a genuine writing; and an intent to injure or defraud another by asserting that the instrument is true.   To say that a defendant upon being charged with uttering a forged instrument has  the right to  be informed in what particular the forgery consisted, whether by falsely creating the entire instrument or counterfeiting a valid instrument or altering a valid one by falsely changing it in some material or essential feature, is to assert that his guilt depends upon knowledge of the particular means employed in making the false instrument.   One who utters a forged instrument is not necessarily a party to the forgery.   The two offenses are separate and distinct.   See King v. State, *supra*.   His knowledge that the instrument is a false one when he publishes it as true in order to defraud constitutes guilt. In our opinion neither the forms of criminal pleadings nor the provisions of the Declaration of Rights that the defendant shall be informed of the nature and cause of the accusation against him require more specific descrip-

tion of the offense charged than is contained in either count of the indictment.

There was no error in overruling the motion to quash the indictment.

Upon the conclusion of the testimony for the State, the defendant's counsel moved the court to instruct the jury to return a verdict of not guilty, on the ground that the proof wholly failed to show that the acts constituting the alleged offense were committed in Jackson County as alleged in the indictment.

There is no merit in this assignment. The evidence shows that the defendant sent the checks or drafts by mail to the First National Bank at Marianna from Chipley, Washington County, Florida, to be credited to him in the name of Frank E. Harper, Chipley, Florida, on May 27, 1918. They were received at the First National Bank in Marianna, and in June of the same year he drew upon the account through the Chipley State Bank, and received five hundred dollars.

Depositing a forged instrument in the mail directed to another county makes the county where the instrument was received, and not the county in which it was mailed, the place of offense of uttering it, if such offense is committed. See 12 R. C. L. p. 153; 19 Cyc. 1391; State v. Hudson, 13 Mont. 112, 32 Pac. Rep. 413, 19 L. R. A. 775; People v. Rathbun, 21 Wend. (N. Y.) * 509; Lindsey v. State, 38 Ohio St. 507; Foute v. State, 15 Lea (Tenn.) 712; Jessup v. State, 44 Tex. Crim. Rep. 83, 68 S. W. Rep. 988. One who in one county employs an innocent agent in another to commit a crime is liable in the latter county. This principle is generally accepted. See Lindsey v. State, *supra*.

The question presented here was also considered in the case of People v. Rathbun, *supra*. Mr. Justice COWEN wrote an exhaustive opinion both upon the reason of the proposition and the authority of the decided cases. The case was decided in 1839 and has been generally accepted as the correct doctrine by both text-writers and courts since.

Section 3189 General Statutes, 1906, Compiled Laws, 1914, which provides that in all cases where an indictable offense shall be perpetrated in this State and the same shall commence in any one county and terminate in another, the offender shall be liable to indictment in either county, has no application in this case. The crime of uttering a forged instrument is not complete until the paper comes to the hands of some one other than the accused, until it is received by the person to whom it is to be delivered.

The case of Elliott and Russell v. State, 77 Fla. 611, 82 South. Rep. 139, cited by counsel for plaintiff in error is not in point. In that case the court had under consideration Sections 3184 and 3191 of the General Statutes relating to offenses committed partly in one jurisdiction and partly in another, and where two or more persons are engaged in the commission of an offense and one does his part in a different jurisdiction from the other.

The third assignment of error rests upon the denial of the motion for a new trial. It is argued that the evidence did not show that the defendant was "then and there" in Jackson County when the bank received the check, therefore he should have been acquitted. He sent the checks by mail, they were delivered by that innocent

agency to the bank, there the uttering occurred. The act of the innocent agent is deemed in law to be that of the employer at the place where the uttering is completed. He is a principal, present and acting, in legal contemplation, at the place where the crime is finally perpetrated and he may be indicted and tried there. See People v. Rathbun, *supra*.

The charge given by the court in accordance with this doctrine and the one requested by the defendant and refused in conflict with it, were correctly disposed of by the court. There was no basis in the evidence for the charge numbered three, requested by the defendant. It instructed the jury that if they believed from the evidence that the defendant intended to defraud L. F. Driver & Company and not the bank, then in that case the defendant should be acquitted. The defendant sent the checks to the bank by mail with the request that they be "put in" the bank for him and to send him a check book as he intended to do his banking with the First National Bank. He afterwards drew against the account and obtained a large sum of money.

We have found no error in the record, so the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.