## W. A. BEASLEY v. STATE OF FLORIDA

30 So. (2nd) 379          January Term, 1947
April 29, 1947          Division B

*Sam E. Murrell,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appellant was convicted of the crime of uttering a forged prescription for narcotic drugs.

The record shows that ten informations were filed against the appellant charging him with like offenses on different dates. Five of the informations were disposed of by nolle prosequi on motion of the State. Motions to quash the remaining five informations were denied. The five charges were then consolidated and the appellant, having pleaded not guilty, was tried and convicted under one information and acquitted under the others.

Numerous contentions are made as grounds for reversal. We shall only discuss one of the contentions made by the appellant, viz:

The evidence was insufficient to support the judgment. The only evidence tending to show the act of uttering the forged prescription was given by the pharmacist who filled the prescription. He testified in effect that he *thought* and he *believed* that the prescription was delivered to him by the appellant, but that he had no independent recollection of the transaction and that he could not say with certainty that the prescription was delivered to him by the appellant; that he had filled many of such prescriptions delivered to him by the appellant but that on several occasions he had filled such prescriptions which were delivered to him by appellant's mother and had filled others which were delivered to him by appellant's half brother. This left it up to the jury to guess who really uttered the prescription.

It is elementary that a jury is not authorized to convict on guess work or suspicion.

We think what we have said above disposes of this case so that there will be no new trial. However, the effect of question No. 1 presented by appellant is to challenge the sufficiency of the information to which motion to quash was interposed. The charging part of the information is: "that W. A. Beasley of the County of Orange and State of Florida on the 23rd day of April in the year of our Lord one thousand nine hundred and forty-six in the County and State aforesaid, did unlawfully utter a false and forged prescription for a

narcotic drug and did unlawfully obtain 48 half-grain morphine sulphate tablets by means of said forged prescription."

The motion to quash should have been granted.

This information is brought under paragraph (4) of Section 298.19 Florida Statures 1941 (same F.S.A.), which is:

"No person shall make or utter any false or forged prescription or written order for any narcotic drug."

Generally, it must be alleged and shown that (a) the instrument was forged; (b) that the defendant knew the instrument was false and forged and (c) that it was uttered with an intent to injure or defraud another. See Harrell v. State, 79 Fla. 220, 83 So. 922; Oglesby v. State 156 Fla. 481, 23 So. (2) 558. This is true because it is elementary that every material element of the offense must be charged and proved.

The third element above stated is not necessary to be alleged and proved in a case coming under the provision of the statute above stated, but the elements (a) and (b) are necessary in a case of this sort and unless those elements of the offense are charged in the information or indictment there is no offense charged. See Goodson v. State, 29 Fla. 511, 10 So. 738.

The information in the instant case failed to meet this requirement. Unless we hold this to be the law, then we would have to hold paragraph (4) of Section 398.19, supra, invalid because it would be susceptible of imposing a penalty upon one entirely innocent of any criminal knowledge or intent.

The judgment is reversed.

So ordered.

THOMAS, C. J., ADAMS, and BARNS, JJ., concur.