170 So.2d 458 (1965)
STATE of Florida, Appellant,
v.
Iva May SCARBOROUGH alias Iva May Wilhelm, Appellee
No. 4573.
District Court of Appeal of Florida. Second District.
January 6, 1965.
*459 Earl Faircloth, Atty. Gen., Tallahassee, Robert G. Stokes, Asst. Atty. Gen., Lakeland, James M. Russ, County Sol., and David Flaxer, Asst. County Sol., Orlando, for appellant.
Edward R. Kirkland, Orlando, for appellee.
SHANNON, Judge.
The State charged the defendant with a violation of Fla. Stat. Sec. 398.19(1) (a) and c), F.S.A., which is part of the Uniform Narcotic Drug Law. The defendant entered a plea of not guilty and at trial, after the opening statement by the prosecutor, the defendant made a motion to quash the information. Prior to this a motion to quash or a motion for a bill of particulars had not been filed. The court reserved ruling and, at the conclusion of the State's case, granted the motion to quash on the grounds that the information failed to allege that the acts committed by the defendant were done knowingly and that the information failed to state an offense upon which a conviction could properly be based. The State has appealed this order.
The information charged that the appellee:
"* * * did unlawfully and feloniously obtain a prescription for a narcotic drug, to wit: isonipecaine also known as demerol, by fraud, deceit, and misrepresentation, in violation of Section 398.19(1) (a), Florida Statutes, 1961."
And
"* * * did unlawfully and feloniously obtain a prescription for a narcotic drug, to wit: isonipecaine also known as demerol, by the concealment of a material fact, in violation of Section 398.19(1) (c), Florida Statutes, 1961, * * *."
It is evident that the information was copied almost verbatim from the statute, which does not mention a requirement of knowledge or scienter.
The Uniform Narcotic Drug Law has been adopted, with local modifications, in practically all fifty states. Cases concerning these statutes are collected in Volume 9B of Uniform Laws Annotated. Research does *460 not reveal any cases which require an information to allege scienter where the type of violation in the present case is charged.
The defendant-appellee contends the trial court was correct in quashing the information and relies heavily on the case of Beasley v. State, 1947, 158 Fla. 824, 30 So.2d 379. In this case a violation of Sec. 398.19(4) was charged, which involved the uttering of a forged prescription for narcotics. The sufficiency of the information was one of the issues and the Florida Supreme Court held that for the offense of uttering a forged prescription it was necessary to allege that the defendant had known that the instrument was false and forged. The information did not contain this and the Court stated that it should have been quashed. The difference between this offense and the one charged in the present case is obvious. To impose criminal liability for the uttering of a forged instrument would require scienter because the very essence of the offense is the nature of the written instrument. One who passes a forged prescription in good faith, entirely innocent of the fact that it is a forgery, could not be convicted of uttering a forged instrument.
In the present case the information charged that the defendant obtained a narcotic prescription by fraud, deceit, misrepresentation and the concealment of a material fact. An allegation of scienter with reference to this crime would merely be redundant. It is difficult, if not impossible to conceive of a situation where a person could obtain a narcotics prescription by fraud, deceit, misrepresentation and concealment of a material fact, and yet not have scienter. Knowledge or scienter is implicit in the language of the statute and thus it does not have to be alleged separately.
Another question raised by this appeal is whether the defendant had waived any right to object to the information by not moving to quash until during the trial. Inasmuch as we are reversing the order quashing the information it is not necessary to consider this question.
Reversed and remanded.
ALLEN, Acting C.J., and DRIVER, B.J., Associate Judge, concur.