594 So.2d 327 (1992)
STATE of Florida, Appellant,
v.
William Lloyd DREYER, Appellee.
William Lloyd Dreyer, Appellant,
v.
State of Florida, Appellee.
Nos. 90-02706, 90-02861.
District Court of Appeal of Florida, Second District.
February 19, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellant State in Case No. 90-02706.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellee Dreyer in Case No. 90-02706 and for appellant Dreyer in Case No. 90-02861.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee State in Case No. 90-02861.
PER CURIAM.
We consolidate these two appeals on our own motion. The defendant, William Lloyd Dreyer, was convicted of several offenses but appeals only his two convictions for uttering forged instruments. We reverse those convictions because the state failed to prove the issue of venue. The state challenges the defendant's sentences, which are downward departures from the sentencing guidelines. Because the guidelines did not provide a permitted range as well as a recommended range at the time of these offenses, we reverse the remaining offenses for resentencing within the guidelines.
Mr. Dreyer was charged with grand theft, two counts of forgery, and two counts of uttering a forged instrument. All offenses occurred between July 22 and September 24, 1987. He pleaded no contest to the grand theft charge, and a jury found him guilty of the forgery and uttering charges.
The trial court sentenced the defendant for all offenses on August 30, 1990. Although *328 the recommended guidelines range for these offenses was 3 1/2 to 4 1/2 years' imprisonment, Mr. Dreyer received 2 1/2 years' imprisonment, to be followed by 2 1/2 years' probation for the grand theft conviction. For each of the two forgery convictions, he also received 2 1/2 years' imprisonment, concurrent with the grand theft sentence. He received concurrent 5-year terms of probation for the two uttering convictions, consecutive to the probationary term ordered for the grand theft conviction. The trial court knew that these sentences were a downward departure and intended to file written reasons in the record to justify the departure. No written reasons were filed.
The defendant contends that the trial court erred in denying his motion for judgment of acquittal on the uttering charges because the state failed to prove venue existed in Pinellas County. We agree. In Harrell v. State, 79 Fla. 220, 83 So. 922 (1920), the supreme court held that "[t]he crime of uttering a forged instrument is not complete until the paper comes to the hands of some one other than the accused; until it is received by the person to whom it is delivered." 79 Fla. at 230, 83 So. at 925. In this case, the state's only evidence concerning venue was the testimony of the victim. This evidence established that the defendant delivered the forged instruments to the victim in Hillsborough County, not Pinellas County. Accordingly, venue did not exist in Pinellas County, and the trial court erred in denying defendant's motion for judgment of acquittal on these charges. Therefore, we reverse and vacate Mr. Dreyer's convictions and sentences for the two counts of uttering a forged instrument. Because of this disposition, we do not address his remaining point on appeal.
The state contends that the trial court erred in departing downward one cell from the recommended guidelines sentencing range without providing written reasons. At the time the defendant committed these offenses in 1987, the guidelines did not include a permitted range. Thus, the trial court could not depart one cell from the recommended range without providing written reasons. See Fla.R.Crim.P. 3.701(d)8; ch. 88-131, § 1, Laws of Fla. Because the trial court failed to provide written reasons for the downward departure from the recommended guidelines range, we reverse defendant's sentences for grand theft and forgery, and remand for resentencing within the guidelines. State v. Cook, 571 So.2d 22 (Fla. 2d DCA 1990).
FRANK, Acting C.J., and PATTERSON and ALTENBERND, JJ., concur.