## THE STATE v. EATON, Appellant.

### Division Two, February 4, 1902.

1. **Forgery:** ALTERATION. Under the Missouri statute, the alteration of a check so as to give it a different effect, for instance, the changing of the amount from thirteen to nineteen dollars, is as much a forgery as if the name of the person purporting to have drawn it were forged.

2. ———: CONFLICTING EVIDENCE: DEMURRER. Where the evidence as to whether or not defendant was identified as the person who committed the forgery was conflicting, a demurrer to the evidence should be overruled.

3. ———: CONSIDERATION: INSTRUCTION. On a trial for forgery, under section 2003, Revised Statutes 1899, which does not require a consideration for the uttering or exchange of the forged instrument as a part of the offense, the giving of an instruction which presents the question of consideration to the jury, where that question is omitted from the indictment, is not reversible error, as being an attempt to submit to the jury an issue not raised by the indictment.

4. ———: INDICTMENT: GENERAL INTENT: PERSON TO WHOM SOLD. Where the indictment charges a general intent to defraud, but does not charge an intent to defraud any particular person, it makes no difference to whom the money or property for which the forged instrument belonged was sold, and, hence, in such case, the indictment is not bad because it charges that the forged instrument was presented to a clerk of the company whose goods were sold to defendant.

Appeal from Howard Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*O. S. Barton* for appellant.

(1) The trial court should have sustained defendant's demurrer to the evidence, because there was an entire failure

of evidence to show the guilt of defendant under either count of the indictment.    Under the first count, defendant is charged with feloniously forging and counterfeiting and falsely making a certain check; the testimony of witness Howard shows that the check introduced in evidence was the check given by Howard to defendant, that it still bore Howard's signature, but that it had been altered by the amount being raised from $13 to $19; there was no evidence of any forgery or counterfeiting or falsely making a counterfeit check, but the evidence showed that a check had been altered.    State v. Fischer, 58 Mo. 256.    (2)    Under the second count the two witnesses, Myer and Sexton, could not identify defendant as the party who passed or uttered the check.    The testimony of these witnesses is conflicting in a very material point.    The second count charges defendant with passing the check to Myer. The witness, Myer, says he sold the party the goods, took the check and gave him the money in change; the witness, Sexton, says he is the party that sold the goods and took the check, and gave defendant the money in change.    If Sexton is to be believed, then the party did not pass and utter a check to one Chas. Myer.    For these reasons the instruction asked for by defendant in the nature of a demurrer to the evidence should have been sustained.    "The judgment of the trial court will be reversed when there is an entire failure of the evidence to show the guilt of defendant."    State v. Mahan, 138 Mo. 112; State v. Nettles, 153 Mo. 464.    (3)    The first instruction on the behalf of the State is erroneous, in that it submits to the jury an issue not raised by the indictment.    The question of consideration for the uttering or exchange of the checks is not raised by the indictment but is presented for the consideration of the jury by this instruction.    "It is error for the court to try to cure an omission of an indictment by instruction."    State v. Smith, 119 Mo. 439; State v. Warren, 57 Mo. App. 502; State v. Hesseltine, 130 Mo. 468. If the second count is drawn under section 2002, Revised Statutes 1899, then said instruc-

tion is fatally defective in not submitting to the jury the question as to whether or not the defendant gave the check "with the intent to have the same altered or passed." State v. Hesseltine, 130 Mo. 468. (4) The first instruction asked for by defendant should have been given, for the evidence shows that witness, Myer, the party alleged in the indictment as the one to whom the check was uttered and passed, was simply in the employ of H. & S. Loeb & Co., and that the goods and the money given in exchange for the check was the property of H. & S. Loeb & Co., and not of Myer. State v. Samuels, 144 Mo. 58. (5) The trial court should have sustained defendant's motion in arrest of judgment because the first count in the indictment is bad, because it does not state in what manner the check was altered, forged or made false, nor does it state what the check was before it was altered, nor in what the alteration consisted. "An indictment for forgery in altering an instrument which leaves to conjecture what the instrument was before its alteration, and also in what the alteration consisted, is fatally defective." State v. Fischer, 58 Mo. 256. The second count of the indictment is defective because it was evidently drawn under section 2002, Revised Statutes 1899. The statute describes the offense of exchanging, passing a forged check, and this count fails to allege that the check was passed for a "consideration," or "for the purpose of having the same altered or passed." Both of these allegations are essential to an indictment under this section. State v. Hesseltine, 130 Mo. 468. That this indictment was drawn under section 2002, Revised Statutes 1899, is evident from the fact that the first instruction submits to the jury the question as to whether or not the check was passed for a "consideration." This is the only section under which the defendant could have been indicted for exchanging a forged check for goods and money. "It is necessary that an indictment for a statutory crime should aver every essential fact constituting a crime." State v. Kirby, 115 Mo. 440; State v. Hesseltine, 130 Mo. 468.

Vol 166 mo—37

*Edward C. Crow*, Attorney-General, and *Jerry M. Jeffries*, for the State.

The jury are the sole judges of the weight of evidence and the credibility of the witnesses and trial courts will not disturb the verdict of the jury where there is any evidence to substantiate that verdict. Gannon v. Laclede Gas Light Company, 145 Mo. 502; State v. Hudspeth, 150 Mo. 12; State v. Sprague, 149 Mo. 409. The record shows that the trial court admitted no evidence over the objection of the defendant, nor did the trial court exclude any evidence offered by the defendant. Hence, in the introduction of the evidence no error was committed. Kansas City v. Marshall Oil Co., 140 Mo. 458. The defendant should except to the failure of the court to instruct on all the law in the case. Appellant having failed to do this, even though the trial court had not instructed on all the law, there was no error. State v. Barton, 142 Mo. 450. The instructions given declared all the law in the case and are fully substantiated by the evidence. Both counts of the indictment are sufficient. One is evidently drawn under section 2001, Revised Statutes 1899, and the other under section 2014. These statutes charge distinct and separate crimes, and under them and the evidence the instruction given properly declared the law. State v. Williams, 152 Mo. 115; State v. Mills, 146 Mo. 195; State v. Webster, 152 Mo. 87. Instruction 1 for appellant does not properly declare the law and it was properly overruled. All the law involved in the case was covered by the instruction given on the part of the State. State v. Patterson, 116 Mo. 505. The instructions are sufficient and properly declare the law. State v. Fitzsimmons, 30 Mo. 236; State v. Phillips, 78 Mo. 49; State v. Vincent, 91 Mo. 662.

BURGESS, J.—Under an indictment containing two counts, one charging defendant with having forged, counter-

feited and falsely made a certain check, which purported to have been made by Joseph Howard, and the other charging him with passing, uttering and publishing as true the same forged check, defendant was convicted on both counts, and his punishment upon each fixed at five years imprisonment in the penitentiary.   He appeals.

The salient facts as disclosed by the record are substantially as follows:

The defendant, a negro, had for sometime been in the service of one Joseph Howard, and Howard being indebted to him on that account on June 30, 1900, gave him a check signed by himself on the Payne & Williams Bank, a banking corporation doing business in Fayette, Missouri, for the sum of thirteen dollars.   The check was thereafter altered without the knowledge or consent of Howard, by changing the word "thirteen," where it was written in the check, to the word "nineteen," and the figures $13 as therein written to $19. The remainder of the check was in the handwriting of Howard as originally written.   On the same evening of the date of the check it was presented at the store of H. & S. Loeb & Co., in Fayette, by a colored man, and exchanged for one dollar's worth of goods and $18 in cash.   As to who passed the check and as to what occurred in the store, the testimony of the witnesses for the State was conflicting.

Charles Myer, the manager of the store, and the party to whom the second count of the indictment charges the defendant with uttering and passing the check, testified that a negro man brought the check into the store and back to the cashier's desk, and asked him to cash it; that he sold the party goods amounting to $1 and gave him $18 in money.   This witness after stating that defendant was the man who sold him the check, stated that he was not certain that defendant was the man, but that he looked like him.

Geo. W. Sexton, a witness for the State, testified that he was a clerk in the same store; that the negro man came in and

presented the check to Sexton; that he, Sexton, sold him the goods, and that he gave to the man the $18 in change; that he could not tell whether the defendant was the party or not.

This was all the evidence on the part of the State. The defendant demurred to the State's evidence, and asked the court to instruct the jury that under the indictment and evidence in the case the jury should find the defendant not guilty, which demurrer the court overruled and refused to so instruct the jury, to which action of the court the defendant excepted.

The defendant testified in his own behalf, and denied altering or changing the check given him by Howard. The State then recalled Joseph Howard in rebuttal who testified that he had seen the handwriting of the defendant and that he would say that the name on the back of the check was in his handwriting. This was all the testimony in the case.

It is claimed by defendant that the court should have sustained his demurrer to the evidence, because of the failure of the State to prove that the check described in the indictment was proven to have been forged. This contention is based upon the fact that the statute (section 2001, Revised Statutes 1899) under which the first count of the indictment was drawn, provides that, "Every person who shall forge or counterfeit, or falsely make or alter . . . . . . any bill of exchange, draft, check, certificate of deposit, . . . . . shall be guilty of forgery in the second degree," and the argument is that the forging of a check and the fraudulent alteration of one are different acts, and of a different nature, and, even if there had been positive proof that defendant altered the check, he could not have been convicted under the first count of the indictment for that offense. This argument would have more force but for the fact that the alteration of a check so as to give it a different effect is as much a forgery at common law as if the name of the person purporting to have drawn it were forged [2 Russell on Crimes, star page 318 (Ed. 1853), 2 East P. C. 582; State v. Thornburg, 6 Iredell 79], and the forgery may be especially

alleged as constituted by the alteration or the forgery of the entire instrument.    [State v. Weaver, 13 Iredell 491.]

. State v. Flye, 26 Me. 312, was a proceeding by indictment under a statute which makes it a felony for any person, "who with intent to defraud, shall falsely make, alter, forge or counterfeit any instrument in writing, being or purporting to be the act of another, by which any pecuniary demand or obligation, or any right or interest in or to any property whatever shall be, or purport to be created, increased, transferred, conveyed, discharged or diminished," and it was held, under an indictment for forging an order which set it out as it was when altered and under the proof that it was originally drawn for nine dollars and had been altered to nineteen dollars, that defendant might be convicted under the indictment.    [2 Achbold Criminal Procedure, note 1569.]

It will be observed that the statutes under which the defendant was prosecuted in the case last cited is in almost the exact language of ours, in that, to alter any instrument therein described with intent to defraud is forgery, and may be so charged, but it is also true that an indictment is good which charges the crime of forgery without specifying in what particular, and that a conviction may be had under such an indictment notwithstanding the evidence may show that the forgery was committed by altering the instrument.

Although it is conceded by counsel for defendant in his brief that the evidence as to whether or not defendant was identified as the person who passed or uttered the check was conflicting, yet he insists that the demurrer to the evidence should have been given.    But this position is untenable, for it has always been held by this court, that when there is any substantial evidence of the defendant's guilt, as in this case, the case should go to the jury, its weight being for their consideration.

The State's first instruction is criticised upon the ground, as claimed, that it submits to the jury an issue not raised by the

indictment, that is, that the question of consideration for the uttering or exchange of the check is not raised by the indictment but is presented to the consideration of the jury by this instruction. The argument is, that it is an attempt to cure an omission in the indictment by instruction, but this we think arises from a mistaken idea with respect to the section of the statute under which the indictment is drawn. The first count of the indictment is drawn under section 2003, Revised Statutes 1899, in which the question of *consideration* is not made part of the offense, and not under section 2002 as contended by defendant wherein it is made part of the offense.

The point is also made that the first instruction asked by defendant should have been given because witness Myer, the party alleged in the indictment as the one to whom the check was sold, was simply in the employ of H. & S. Loeb & Co., and that the goods and the money given in exchange for the check were their property. The charge in the indictment is not to defraud any particular person, but with a general intent to defraud, and so if it was uttered or sold with such intent, it does not make any difference to whom the money and property for which it was sold or exchanged belonged.

There was ample evidence to justify the verdict. The judgment is affirmed. All concur.