The State v. A. J. Cook, Appellant.—3 S. W. (2d) 365.

Division Two, February 18, 1928.

1234

*Alexander & Coffer* for appellant.

*North T. Gentry*, Attorney-General, and *J. D. Purteet*, Special Assistant Attorney-General, for respondent.

WALKER, J.—The appellant was charged by indictment in the Circuit Court of Cape Girardeau County with the sale of hootch, moonshine and corn whiskey. A change of venue was granted to Scott County where upon a trial the appellant was found guilty and his punishment assessed at a fine of $500. From this judgment he appeals.

A neighbor of the appellant, named Miller, testified that on the day named in the indictment he bought three pints of moonshine whiskey from the appellant. The latter denied this charge. A witness who had accompanied Miller to a point near the appellant's residence and was awaiting his return therefrom testified that upon Miller's return he had three pints of liquor, some of which the witness drank and that it was moonshine whiskey. Other witnesses who had drunk a portion of the liquor gave like testimony as to its character. The reputations for truth and veracity of Miller and some of the witnesses for the defense was stated to be bad by witnesses introduced by counsel for the respective parties. There was testimony contravening the statements of these witnesses, especially in regard to the reputation of Miller for truth, to the effect that it was good. The jury gave little credence to the testimony for the defense as attested by the verdict.

In a review of this case we are concerned, both under the Constitution and the statutes regulating criminal procedure, not with what might have been or should have been preserved for our consideration, but what was preserved in such a manner as to entitle it to a review. The motion for a new trial, as comprehensive in its details as the proverbial mantle of charity, is embodied in fifteen paragraphs. To these we will give attention.

I. The initiatory contention is that the evidence for the State was not sufficient to support the verdict or, as correlative thereto, that appellant's demurrer should have been sustained at the close of the State's testimony. This may be given a short shrift. Whatever merit this demurrer may have possessed when made was dissipated by the subsequent introduction by the appellant of testimony in his defense on the

merits, which constituted a complete waiver of the contention. [State v. McMurray, 284 S. W. (Mo.) 806; State v. Winkler, 273 S. W. (Mo.) 1040; State v. Mann, 217 S'. W. (Mo.) 67.]

As to the demurrer at the close of all of the evidence. The sale of the liquor by the appellant, its purchase by Miller and its character as within the prohibition of the statute were shown. The probative force of this testimony in the presence of the contradictory evidence on behalf of the appellant was a matter for the determination of the jury. Testing its credibility, as they were authorized to do, they found that the greater weight should be given to the testimony for the State, and we have neither the power nor the inclination to interfere with their finding. We have so frequently ruled upon this question that the citation of authorities in support of our conclusion seems supererogatory. However, as illustrative of the frequency of our rulings thereon, we find in late volumes of the Southwestern Reporter the following applicable cases: State v. Pinkard, 300 S. W. (Mo.) 748; State v. Drew, 300 S. W. (Mo.) 473; State v. Schroetter, 297 S. W. (Mo.) 368; State v. Kowertz, 297 S'. W. (Mo.) 358.

II. Passing, without comment, the question as to whether the objections to the testimony of the witnesses for the. State, Miller and Sullinger, have been sufficiently preserved in the motion for a new trial, a more conclusive disposition of the objections may be made in considering their .merits. These witnesses, after having been shown to be qualified, testified that the liquor was moonshine or corn whiskey. Their testimony was direct and positive and must be construed in view of their qualifications as statements of facts and not conclusions. The weight to be given to this testimony was of course a matter for the jury.

III. It is contended that the trial court erred in refusing to strike out the testimony of witnesses for the State as to the good reputation for truth of Miller, a witness for the State, and as to the bad reputation of Kinder, a witness for the defense. No such objections were made and exceptions saved as are thus sought to be brought to our attention in the motion for a new trial. Their first appearance in the latter will not entitle them to a review. As often epigrammatically stated, motions for new trials do not prove themselves. [State v. Creeley, 254 Mo. 382; State v. Baker, 300 S. W. (Mo.) 699; State v. Pinkard, 300 S'. W. (Mo.) 748.] Aside from the application of this maxim, the facts do not sustain the objection. Each of these witnesses was shown to be properly qualified to testify as to the reputations of the witnesses named. There is nothing to indicate that their testimony was in the nature of per-

sonal conclusions, but was based upon the information they had acquired from having heard the question of the reputations of the parties discussed. The inquiries made of the witnesses were general; they were properly limited as to time and the neighborhood where the parties (about whom the inquiries were made) were best known, and the manner of their examination is not subject to tenable objection. There is no merit in this contention.

IV. A supplemental objection is made that the names of the witnesses whose testimony is sought to be stricken out by motion were not indorsed on the indictment, as required by Sections 3849 and 3889, Revised Statutes 1919. Our practice prescribes two methods to entitle an objection of this character to consideration. One is by a motion to quash, as in any other alleged defect apparent on the face of the instrument. [State v. Anderson, 274 S. W. (Mo.) l. c. 20 and cases; State v. Peak, 292 Mo. l. c. 256, 237 S. W. 466; State v. Ferguson, 278 Mo. 119, 212 S. W. l. c. 343 and cases.] The other method, if counsel for the defense is apprised, before the jury is sworn, of the State's intention to call witnesses whose names are not indorsed on the indictment, is to demand a reasonable time to meet the testimony of the objectionable witnesses. [State v. Compton, 296 S. W. (Mo.) 137; State v. Millsap, 310 Mo. l. c. 516, 276 S. W. 625; State v. Lawson, 239 Mo. l. c. 598, 145 S. W. 92 and cases.] Neither of these methods was pursued—counsel contenting themselves with objections to the witnesses' testimony; this testimony being competent for other purposes, the objection made is futile as constituting a ground of error. In addition, the character of the testimony of the witnesses objected to presents an equally cogent reason to sustain the ruling of the trial court in admitting their testimony. The record shows that they were not introduced or examined to establish the charge preferred against the appellant, but to rebut testimony that had been introduced by him for the purpose of impeaching the reputations for truth of certain witnesses for the State. As this court said in effect in State v. Roy, 83 Mo. 268, in construing Section 3889, supra (applicable as well to Section 3849), relative to the requirement that the names of the witnesses must be indorsed on the charge: "It must be presumed that it was made for some just and wise purpose and to give the accused an opportunity to know who were his accusers and by whom the State expected to establish the charge preferred in order that he might be prepared to meet the same and those upon whom the State relied to prove it." To accomplish this purpose the sections, 3849 and 3889, supra, were enacted, as is evident from their terms, and have reference to material witnesses or those

1240

upon whom the State relies to sustain a conviction. "Obviously," as we said in State v. Bauer, 285 S. W. 82, "this requirement has no reference to witnesses who may be called in rebuttal."

V.   Counsel for the appellant, in cross-examining witnesses offered by the State in rebuttal, sought to impeach the credibility of the prosecuting witness by attempting to show that he had been guilty of acts of criminality or moral turpitude.   After numerous and repeated inquiries of this nature, which elicited no affirmative answers, the court ruled against the continuance of this character of examination.   While it has been held in this State in a number of cases that an inquiry to impeach a witness's credibility is not limited to his reputation for truth, but may extend to his moral character generally, this ruling is opposed to the current of authority elsewhere and has been vigorously attacked in some of our later opinions as being contrary to correct legal principles.   The authorities on this subject have been collected in 30 Central Law Journal 241, and many of them are discussed with perspicuity in State v. Pollard, 174 Mo. l. c. 618 et seq.   It would serve no determinative purpose to cite them here.   In a general way it may be said that the rule as stated in a majority of the Missouri cases has most recently been upheld in the case of State v. Cooper, 271 S. W. (Mo.) l. c. 471.   The rule has its limitations, however, and the exclusion of that character of evidence does not constitute error unless it is apparent from the facts of the particular case.   Illustrative of the correctness of this conclusion is the case of State v. Beckner, 194 Mo. 281, in which the Missouri cases are discussed and distinguished.   The writer, GANTT, J., declared in that case (p. 291) that, in his opinion, the rule in regard to the impeachment of witnesses should be restricted to the trait of character directly involved, i. e., that of truth and veracity.

The latitude permitted by the trial court in the instant case in the cross-examination of the witnesses was ample to elicit any facts, if they existed, which would have tended to impeach the credibility of those whose reputations were under review.   The discretion of the court, authorized to be exercised in cases of this character, was, therefore, not abused by its placing a limit upon this character of cross-examination.   [State v. Riley, 274 S. W. (Mo.) 54; State v. Wagner, 311 Mo. 393, 412 and cases, 279 S. W. 23; State v. Harp, 306 Mo. 428, 267 S. W. 845.]

VI.   The contention is made that a new trial should have been granted because, as alleged in an affidavit filed in support of the motion, the testimony of one of the witnesses for the State was, when given, directed by signals from a person in the audience.

This contention is without merit for two reasons: (1) It was not timely made. If true it should have been called to the attention of the trial court when it occurred. The affidavit in support of it was made by the son of the defendant. The reasonable presumption in accord with human experience is that the affiant notified the counsel for the defense of the fact at the time of its occurrence or soon thereafter. This being true and counsel having failed to take any action thereon until after the verdict and the filing of the motion for a new trial, the objection comes too late to entitle it to a review. (2) Furthermore, if true, the testimony given by the witness who is alleged to have been directed by signals from another, was of such a character as to not prejudice the rights of the appellant. The facts, as disclosed by the affidavit in support of the motion for a new trial, are as follows: "Cecil Sullinger" (who was testifying) "said he paid fifty cents on said whiskey and that Lee Akins was sitting back in the court room listening to said Cecil Sullinger testify and when he said that he paid fifty cents on said whiskey to help buy the same from A. J. Cook said Lee Akins shook his head in the negative so that witness Cecil Sullinger saw him and that right then said Cecil Sullinger changed his testimony to the effect that he did not put in fifty cents to help buy whiskey from Cook on that day."

So far as the guilt or innocence of the appellant is concerned it is immaterial whether the witness did or did not contribute to the purchase of the whiskey. The question was, did he sell it and was it such liquor as was charged in the indictment, the sale of which is prohibited by law. This contention is therefore trivial and the trial court did not err in this regard in overruling the motion for a new trial.

VII. It is contended that the giving, at the request of the State, of Instruction One is error. This instruction is as follows:

"The court instructs the jury that if you believe and find from the evidence in this case and beyond a reasonable doubt as instructed hereafter that at the County of Cape Girardeau, in the State of Missouri, on or about the —— day of April, 1926, the defendant, A. J. Cook, did sell to Jasper Miller hootch, moonshine and corn whiskey you should find the defendant guilty as charged, and unless you do so find the facts, you should acquit the defendant.

"If you find the defendant guilty you will assess his punishment by imprisonment in the State Penitentiary for a period of not less than two nor more than five years, or by a fine of five hundred dollars, or by imprisonment in the county jail for a term not less than three nor more than twelve months, or both such fine and jail sentence."

The indictment named a day certain for the commission of the offense, the proof sustained the averment, and the verdict found the defendant guilty as charged. It is evident, therefore, that the jury, notwithstanding the averment hypothesized in the instruction that the offense was committed "on or about the —— day of April, 1926," were not misled in limiting their finding to the time charged and proved. These facts dissipate the contention that the instruction was a roving commission, calculated to mislead the jury.

Another reason which finds support in well-considered precedents may be stated to demonstrate the futility of this contention. The indictment met the requirements of good pleading in alleging a day certain for the commission of the offense. Time in a case of the character here under review, is not an ingredient or, as put by our statute (Sec. 3908, R. S. 1919), "an essence of the offense;" proof therefore of its commission at any time prior to the day named in the indictment, within the period limited by the statute for the prosecution of like offenses, is sufficient to sustain a conviction.

The usual instruction defining a reasonable doubt was given and it was not necessary to incorporate it in Instruction One. Instructions are to be read together. It is trivial, in view of the plain terms of the instruction defining the charge, to contend that it was erroneous in telling the jury that they must "find the defendant guilty as charged without telling them with what he was charged."

VIII. Error is alleged in a failure to specifically define hootch, moonshine and corn whiskey. Where the meaning of terms may be readily comprehended from all of the facts in evidence their specific definition is not required. The liquor shown to have been sold by the appellant was designated as moonshine or corn whiskey and that it was intoxicating. It is a fact known to every person of average intelligence and frequently so held by this court, that these terms mean and are used to designate spiritous liquor, illegally distilled or manufactured. To add definitions to this proof and general knowledge for the further information of the jury would have been a useless formality. In addition, a general rule of procedure is here applicable in that a failure to explain a term, as in the case at bar, is not error in the absence of a request therefor. Especially is this true where the facts are sufficiently explanatory of the charge and the instructions cover the case. [State v. Marshal, 297 S. W. (Mo.) l. c. 68; State v. Griffith, 279 S'. W. (Mo.) l. c. 140.]

We have given serious consideration to the errors complained of and find none of such a nature as to have proved prejudicial to the appellant. The judgment therefore of the trial court is affirmed.

All concur.