THE STATE v. BUCK ENGLAND and FLOYD BURTON, Appellants.—12 S. W. (2d) 37.

Division Two, December 18, 1928.

634

C. I. Bennington, J. W. Palmer and Amos Short for appellant.

*Stratton Shartel,* Attorney-General, and *Smith B. Atwood,* Assistant Attorney-General, for respondent.

WALKER, J.—Appellants were jointly charged by information in the Circuit Court of Hickory County with manufacturing hootch, moonshine or corn whiskey. They were jointly tried to a jury, found guilty and each was sentenced to two years' imprisonment in the penitentiary.

Two witnesses for the State, named Bennett and Owsley, at about nine o'clock, P. M., August 11, 1926, discovered the appellants in a secluded part of a woodland busily engaged about a fire under what appeared to be a tin can. Impressed from the indications that the appellants were engaged in the process of distilling liquor, Bennett kept watch on them while Owsley went after an officer. He soon returned with a deputy sheriff and a constable. They stealthily ap-

proached the appellants and when the latter saw them they fled. Burton succeeded, for the time, in escaping, but England was captured. Upon being apprehended he led the officers to the place from which he and Burton had fled. The latter was subsequently arrested.

When the parties reached the place where they had seen the appellants they found a ten-gallon milk can, with a coil connected therewith which ran through a keg of water. The lower end of the coil was over the mouth of a fruit jar into which a fluid was dripping, as a result of the condensation of the heated product in the can. The fluid in the fruit jar was still warm. Several fruit jars filled with what was shown to be moonshine whiskey were sitting near the still. The identification of the appellants as the persons who were operating the still when the officers and others approached is not controverted.

The appellants assignments of error will be considered in their order.

I. The insufficiency of the testimony to sustain a conviction is urged on the assumption "the mere presence of one at a still is not sufficient to authorize a verdict of guilty." The vice of this contention is that it does not fairly state the testimony. Not only was the appellants' presence at the still proved but that they were at the time operating the still in the manufacture of moonshine whiskey. This was ample to sustain the verdict.

Another ground of contention as to the lack of evidence is that the whiskey offered in evidence as having been found at the still was not labeled. To give this contention a semblance of materiality it must be construed as an objection to the identification of the liquor as moonshine or as the witnesses described it, "moonshine whiskey." The liquor having thus been identified was offered in evidence. With this proof before them the jury found the liquor of the character designated in the testimony. This was within their province. [State v. Thompson, 289 S. W. (Mo.) 648; State v. Vesper, 289 S. W. (Mo.) 862.] If the liquor had been labeled when found—which would have been a most unusual occurrence—it would have been but a circumstance indicative of its identity. In the presence of other ample proof of identity the absence of any proof of labeling is not material. In determining the character of the liquor under a charge of manufacturing or transporting, hootch, moonshine or corn whiskey, we have held it sufficient to sustain the charge to prove that the liquor was whiskey. [State v. Sandoe, 289 S. W. (Mo.) 890; State v. Brown, 285 S. W. (Mo.) 995.]

The rule announced in the cases above cited finds its support in the meaning we have given "hootch," "moonshine" or "corn whiskey" in State v. Cook (Mo.), 3 S. W. (2d) 365, in which they are defined as "any spirituous liquor illegally distilled or manufactured." There is an absence of merit, therefore, in this contention.

II. It is not material who owned the still charged to have been used by the appellants. It is its use, not its ownership, that constitutes the gravamen of the crime with which they are charged.

III. Under the circumstances there was no error in the refusal of the trial court to discharge the jury on account of the remark of the prosecuting attorney in his argument that "the defendants had failed to take the witness stand." Upon objection being made to this remark the court (we quote the language of the record), "stopped the prosecuting attorney in his argument and reprimanded him, stating that such argument was highly improper; that the law expressly prohibited the prosecuting attorney from referring to such a matter; that the jury should not consider a matter of that kind in arriving at a verdict; and the court instructs the jury not to consider any reference to said matter in considering their verdict. The prosecuting attorney apologized for making said statement and told the court and jury that he had no intention of making any improper remark and was sorry that he had done so."

The action of the court, as demonstrated by the forceful language employed, constituted a sufficient reprimand of the prosecuting attorney, and the attitude of the latter, upon being rebuked, removed any possibility of his conduct proving prejudicial to the appellants. Hence this contention may be dismissed from consideration.

IV. Error is assigned in permitting the State to introduce in evidence, after the close of the testimony in chief, the still and its equipment and the liquor found at the place of distillation. The error complained of is that this evidence was not in rebuttal, but was evidence in chief and hence not admissible. The general rule in regard to the order of proof in criminal as well as civil cases is left to the discretion of the court and will not be interfered with, unless it appears that such discretion has been abused. This is true whether the evidence omitted is objected to simply as out of order or that it is in rebuttal. [State v. Murphy, 292 Mo. 275, 237 S. W. 529; State v. Weiss, 219 S. W. (Mo.) 368; State v. Rose, 271 Mo. 17, 195 S. W. 1013; State Nat.

638

Bank v. Anderson, 198 S. W. (Mo. App.) 511; Ternetz v. St. L. L. & C. Co., 252 S. W. (Mo.) 65.]

There was no abuse of discretion in this case. The evidence offered was material. No objection is made to its competency. The burden of the complaint against its admission is that it was not timely offered. This is not sufficient to constitute prejudicial error.

V. The omission of the word "feloniously" from the instructions is assigned as error. We have frequently held that this word is one of classification and not of definition and that it is not a part of the crime but is merely descriptive of the grade of the offense; and that it, therefore, has no place in an instruction in a criminal case. [State v. Carolla, 316 Mo. 213, 227, 292 S. W. 721, and cases cited.]

VI. It is contended that the court erred in not granting the appellants a continuance on account of the alleged absence of witnesses to prove an alibi. There was no diligence shown in attempting to procure the presence of these witnesses. Nor was any formal application made such as is required by statute (Sec. 3997, R. S. 1919), for a continuance, but simply an oral request for the same. This is not a sufficient showing on which to base an application for a continuance.

VII. The venue of the offense was laid in the information in Hickory County and the proof sustained the charge. The objections attempted to be made to the jurisdiction of the court, if they had been preserved in such a manner as to be entitled to a review, would be overruled on account of the affirmative character of the proof in this regard.

VIII. There is nothing in the record to sustain the contention that the court orally instructed the jury. Instructions applicable to the facts and properly declaratory of the law were given by the court in writing. The requirements of our Code of Procedure are fully complied with and there is no ground for complaint on this account.

No errors appearing which authorize a reversal the judgment of the trial court is affirmed. All concur.