THE STATE v. SYLVIA ARENZ, Appellant.—100 S. W. (2d) 264.

Division Two, December 23, 1936.

*W. A. Brookshire* for appellant.

*Roy McKittrick,* Attorney General, and *Wm. Orr Sawyers,* Assistant Attorney General, for respondent; *Aubrey R. Hammett, Jr.,* Special Counsel.

TIPTON, P. J.—In the Circuit Court of St. Francois County, Missouri, the appellant was convicted of first-degree forgery, in that he forged a deed, and his punishment assessed at ten years' imprisonment in the State penitentiary. From that judgment and sentence he has duly appealed to this court.

On January 16, 1934, the appellant went to the office of C. C. Gower, a notary public in the city of Farmington, Missouri, and represented himself to be Mart Scott, and stated he wanted to convey some property to Hazel Arenz. The appellant brought with him a deed dated July 23, 1925, wherein the Doe Run Lead Company conveyed to Mart Scott, lot 8 in block 14, in the town of Flat River. This was State Exhibit No. 1. Miss Beulah Lindsay was an employee in C. C. Gower's office. She took a blank warranty deed form and filled in the blanks so that the deed conveyed the above-described property to Hazel Arenz. The information necessary to fill out this deed was taken from the State's Exhibit No. 1. The appellant then signed the name of Mart Scott to the deed. After stating that he was single and unmarried, he acknowledged the deed before C. C. Gower.

Dewey May, a deputy sheriff, testified that he arrested the appellant and advised him that he was charged with forging a deed. The witness testified that the appellant admitted that he forged the deed. He also testified that Mart Scott had been dead several years before the date the deed was forged. The appellant's first wife was a daughter of Mart Scott. He further testified that he called the sheriff and prosecuting attorney at the request of the appellant, and in the presence of the three he admitted he forged Mart Scott's name to the deed conveying the property to his second wife, Hazel Arenz and that the consideration recited in the deed was $1,250. He asked the prosecuting attorney if there was any way he could get out of it, and was informed that he would have to answer the charge. The ap-

pellant stated he signed the name of Mart Scott to the deed upon the advice of his attorney, K. C. Weber.

The appellant offered no testimony.

█ I. The appellant first contends that the judgment of the trial court should be reversed. In his brief he says: ''The information shows that the deed alleged to have been forged was pleaded word for word, yet the deed was not offered. No effort was made by the State to produce the deed and no testimony of its exact contents was offered.'' The alleged deed was not offered in evidence.

We have repeatedly held that where proper grounds for secondary evidence has not been laid, then it is essential that the forged instrument be introduced in evidence. The deed itself is the best evidence. ''The forged instrument must be produced and put in evidence before evidence of the forgery will be admitted at the trial, or its non-production be justified from necessity, as by showing that it is lost or destroyed, or not within reach of the process of the court, or is in the possession of the defendant. And in the last instance, not in the others, reasonable notice must have been given to him to produce it.'' [3 Bishop New Crim. Proc. (2 .Ed.), sec. 433; State v. Flanders, 118 Mo. 227, 23 S. W. 1086; State v. Martin, 229 Mo. 620, 129 S. W. 881.]

In the case at bar, the information set out the alleged forged deed *verbatim*. The deed conveyed lot 8 in block 14 in the town of Flat River, to Hazel Arenz, the grantor was Mart Scott, and the recited consideration was $1250. Without objection, oral evidence was introduced to show that the appellant represented himself to be Mart Scott; that the deed he signed Mart Scott's name to conveyed lot 8 in block 14, in the town of Flat River to Hazel Arenz and the consideration in the deed was $1250. There was testimony to the effect that the appellant admitted to the sheriff and a deputy sheriff that he forged the deed by signing the name of Mart Scott to it, and that he wanted to know if there was some way he could pay off and get out of it. The above oral testimony was admitted without objection, and the appellant did not move to strike it out. While the alleged forged deed would have been the best evidence, yet we cannot say that the oral evidence was not of probative value to establish the crime of forgery as alleged.

█ Nor do we believe there is any variance between the alleged forged deed pleaded in the information and the proof as shown by the evidence. Both the grantor's and grantee's names in the oral evidence are identical with that alleged in the information. The same is true with the description of the property conveyed and the consideration. We think the proof in this case complies with the rule announced in the cases of State v. Smith, 31 Mo. 120; State v. Fay, 65 Mo. 490, and State v. Chamberlain, 75 Mo. 382. In those cases we held that while it is unnecessary for the pleader to have set

out the instrument *in haec verba*, but where he does so, he will be held to strict proof. We hold there is no variance between the evidence as shown by the record and the allegations of the information.

Moreover, under Section 3562, Revised Statutes 1929, the question of whether or not a variance between the charge and the proof is material to the merits of the case and prejudicial to the defense of the defendant rests primarily in the discretion of the trial court. [State v. Johnson, 334 Mo. 10, 64 S. W. (2d) 655.] In this case, the trial court was not called to rule the question either by objection or motion.

■ The appellant contends that his demurrer should have been sustained because the State failed to prove any intention on part of the appellant to defraud. It is true that the State's witnesses, Roy Presnell and Dewey May testified that after the appellant was arrested he stated in their presence that he signed the name of Mart Scott to the deed upon the advice of his attorney and that he did not intend to do any wrong. However, the appellant did admit that he was not Mart Scott, whose name he signed to the deed.

In State v. Patterson, 116 Mo. 505, l. c. 513, 22 S. W. 696, we said:

"Intent being an operation of the mind, cannot be discovered or revealed in the great majority of cases except by acts, and from acts alone, unaccompanied by a single word, guilty intent is infused into the prosecution of crimes of the highest grade. Everyone is presumed to intend the natural and probable consequences of his own act, and the natural and probable consequences of the act of defendant were that the bank to which he sold the forged check would pass the same in regular course of exchange to the bank on which it was drawn, in order to be reimbursed for the amount which its cashier paid to defendant."

The question of intent was submitted to the jury and it found against the appellant and the evidence was sufficient to show a fraudulent intent. [State v. Peebles, 337 Mo. 973, 87 S. W. (2d) l. c. 167.]

The appellant also, contends that the State's evidence conclusively shows that Mart Scott was dead and therefore he could not defraud a dead man. The information does not charge the appellant with defrauding Mart Scott, and does not charge him with an intent to defraud any particular person, but with a general intent to defraud. The information was drawn under Section 4175, Revised Statutes 1929, and it is not necessary under that section to allege any intent to defraud any particular person or persons. [State v. Eaton, 166 Mo. 575, 66 S. W. 539.]

We therefore hold that the appellant's demurrer was properly overruled.

■ II. The appellant next assigns as error the giving of Instruction No. 2. In his motion for a new trial he set out this instruc-

tion and assigns as his reason why the instruction is erroneous is that "the instruction does not fully declare the law governing the case." This instruction is not before us for review because appellant's motion does not set forth in detail and with particularity wherein the instruction is erroneous as required by Section 3735, Revised Statutes 1929. However, we have examined the instruction and find that it correctly declares the law.

III. In his brief, the appellant assigns as error the argument of the prosecuting attorney to the jury. There is no such assignment of error in appellant's motion for a new trial, and therefore, we are precluded from reviewing this assignment.

IV. The appellant contends that the court should have given Instruction No. 6, requested by him. The matters set out in this instruction were fully covered by Instruction No. 2, given on behalf of the State. Therefore, there was no error in refusing to give Instruction No. 6.

Finding no error in the record the judgment of the trial court is therefore, affirmed. All concur.