STATE of Missouri, Plaintiff-Respondent,

v.

Thomas KAMMERICH, Defendant-Appellant.

No. KCD28159.

Missouri Court of Appeals, Kansas City District.

May 2, 1977.

James F. Crews, Kibbe, Crews & Gaw, Tipton, for defendant-appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SWOFFORD, P. J., and PRITCHARD, C. J., and DIXON, J.

DIXON, Judge.

Defendant appeals a conviction of statutory rape of his step-daughter found by a jury which fixed his punishment at two years imprisonment. Defendant claims error in the denial of a motion for acquittal at the close of the State's evidence and that the State's proof was at variance with the charge filed. The State offered the victim, P__ S__ B__, as a witness, and she was approximately eight months pregnant at the time she testified. During the month of September, 1974, approximately eight months prior to the trial, she had been living with her mother and step-father and siblings. She was 13 years old. She indicated she understood the meaning of sexual intercourse and testified to three or four occasions of sexual intercourse with the defendant, both at Tipton, Missouri, and at Fortuna, Missouri. On the night of September 28, 1974, she testified to being in bed with the defendant and her step-brother called the police. The State offered the testimony of a Deputy Sheriff concerning the giving of so-called *Miranda* warnings to the defendant; and, thereafter, the defendant's statement was offered in evidence in which the defendant admitted to having had intercourse with the 13 year old "three or four times during the past year." After the State rested, the defense called two witnesses, and the jury returned a verdict of guilty. Upon the filing of the appellant's motion for new trial, allocution was granted, and defendant was sentenced to two years in the Department of Corrections.

The defendant's first claim of error that the trial court erred in failing to direct a verdict at the close of the State's evidence is not properly before this court. When a defendant has offered evidence in his own behalf after the court has denied his motion for judgment of acquittal at the close of the State's case, any claim of error attaching to the motion is waived. *State v. Plant*, 532 S.W.2d 900, 901 (Mo.App.1976); *State v. Lewis*, 526 S.W.2d 49, 52 (Mo.App. 1975).

Without transcript reference, the defendant asserts in his brief that the motion was renewed at the close of the evidence. The State contests this, and the State's position is sustained by the transcript which reflects no such renewal of the motion. The main thrust of defendant's first point is that the State failed to show he engaged in sexual relations with his step-daughter on the specific date of September 28, 1974, as alleged in the information. This is, in effect, the same basic argument that defendant makes with respect to the failure of the State to make a submissible case which, as indicated, is not properly raised. The second point is not adequate under Rule 84.04(d), and the defendant's reliance on § 546.080, RSMo 1969, is misplaced. As to matters covered by the statute, the statute permits a discretionary ruling of the court with respect to whether or not the variance is material. *State v. Arenz*, 340 Mo. 160, 100 S.W.2d 264, 266 (1936). But whether that statute covers the question of a variance in date is immaterial because it is clear that the rule in Missouri is that time is not of the essence in the offense of statutory rape. *State v. Palmer*, 306 S.W.2d 441, 444 (Mo.1957); *State v. Belknap*, 221 S.W. 39, 44 (Mo.1920). Proof that the crime was committed on some day other than that alleged, if it is within the

period of limitations and before the charge, is sufficient. *State v. Cook*, 318 Mo. 1233, 3 S.W.2d 365, 368 (1928). The statute of limitations for statutory rape is three years. Section 541.200, RSMo 1969. Proof in this case is clear that both the victim and the defendant testified to three or four acts of intercourse prior to the filing of the information and within three years of its filing. The specific language of the defendant's statement was three or four times during the past year and the prosecuting witness, in response to a question directed to the year period prior to September 28, 1974, said that such acts had occurred three or four times. She specifically stated penetration had occurred. Her competency was not in question, and her testimony alone was sufficient to sustain a conviction for statutory rape. *State v. Neal*, 484 S.W.2d 270, 272 (Mo.1972).

The judgment of conviction is affirmed.

All concur.