STATE of Missouri, Respondent,

v.

Thomas W. BRAKENSIEK, Appellant.

No. 51935.

Missouri Court of Appeals,
Eastern District,
Division One.

June 23, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Application for Transfer Denied
Sept. 15, 1987.

Martin, Bahn and Cervantes, Mark R. Bahn, James M. Martin, Margaret A. Robben, St. Louis, for appellant.

William L. Webster, Atty. Gen., Terry C. Allen, Deputy Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals a conviction for rape of a person less than fourteen years old, § 566.030.3, RSMo 1986, for which he was sentenced to five years' imprisonment. We affirm.

Defendant raises three issues on appeal. He alleges the trial court erred in denying defendant's motion to suppress his statement to the police; in allowing in evidence of other occurrences of sexual contact between defendant and victim; and in denying defendant's motion to dismiss or in the alternative for a bill of particulars. The motion to dismiss was based on defendant's assertion that the rape alleged by victim occurred more than three years before defendant was charged and that the three-year statute of limitations had run. § 556.-036.2(1), RSMo 1986.

Defendant's motion to suppress, and his motion to dismiss or in the alternative for a bill of particulars, as well as an oral motion to elect were heard on April 10, 1986. Evidence at that hearing consisted only of the police report and testimony from the police officer who interviewed both victim and defendant. All defendant's motions were denied. At defendant's suggestion the court took the case under submission based upon the police report and the testimony of the officer. The court found defendant guilty and sentenced him.

Because of the importance of time to the statute of limitations issue, we present the evidence in a chronological form. Most of the dates are approximations because, in their statements to the police, both victim and defendant spoke in terms of "a few months before" or "a few weeks after."

January 1979: defendant and victim's mother marry;

January 1981: victim, mother and defendant move back to Missouri—victim's statement;

March 1981: defendant begins fondling victim, who was then twelve years old —victim's statement;

May or June 1981: defendant engaged in sexual intercourse with victim for the first time—victim's statement;

Sept. 1981–June 1982: defendant engaged in sexual intercourse with victim approximately eight times during her sixth grade year at school—victim's statement;

March 9, 1982: three years before indictment issued;

August 1982: defendant moved out of victim's home—victim's mother's statement;

May 1983: first of three times defendant engaged in sexual intercourse with victim—defendant's statement;

July or August 1983: defendant moved from victim's home—defendant's statement;

December 1984: defendant and victim's mother divorced;

February 27, 1985: victim and mother report rape to police, officer takes statement and attaches victim's handwritten statement to his report;

February 29, 1985: police call defendant and defendant comes in to talk; defendant is read his Miranda rights and indicates he understands those rights; defendant says he cannot write a statement but he does make an oral statement to the officer;

March 9, 1985: indictment issued.

The police report, written after the officer interviewed victim and her mother, dated the rapes as occurring between September 1981 and June 1982. This period represented victim's sixth grade year at school, and victim said defendant engaged in sexual intercourse with her approximately eight times while she was in the sixth grade. Defendant was charged and convicted, however, of raping his step-daughter between March 1, 1982 and July 1, 1983. The

later dates correspond to those in defendant's statement.

■ We discuss the admissibility of defendant's statement below. Even assuming we were to find it inadmissible, the statements which victim made to police, and which are in evidence, support the finding defendant engaged in sexual intercourse with victim the three years preceding the indictment. According to victim, there was a five-month period after March 1982 (March 1982 to August 1982) during which defendant was residing in the same house as victim. Victim told the police that defendant engaged in sex with her eight times during her sixth grade school year "up until the time he moved out of the house," in August 1982. The evidence from victim supports the conclusion defendant raped victim at least once between March and August 1982; the evidence from defendant is of three acts of sexual intercourse between May and August of 1983. Both statements establish criminal activity within the statute of limitations.

■ Defendant was charged with raping victim between March 1, 1982 and July 1, 1983, and the evidence supports his conviction. Had he been charged with raping her between September 1981 and June 1982, the dates given in the police report, there would still be no error. Evidence a crime occurred at a time other than that charged, if it is within the period of limitations and before the indictment is sufficient to sustain the conviction. *State v. Douglas,* 720 S.W.2d 390, 393–94[4–5] (Mo.App.1986); *State v. Kammerich,* 550 S.W.2d 931, 932–33[5] (Mo.App.1977). Defendant's statute of limitations argument must fail.

■ In a related argument, defendant asserts error in the admission of evidence of other acts of intercourse when he was charged with only one count of rape and had filed a motion to elect and a bill of particulars. In prosecution for the rape of a person under fourteen years of age, evidence of prior similar acts is admissible. *State v. Graham,* 641 S.W.2d 102, 105[1–5] (Mo. banc 1982). Defendant asserts that because the charge covered a fifteen-month period he was prohibited from presenting an alibi defense. Defendant, however, did not respond affirmatively to the State's discovery request regarding an alibi defense and there was no other indication defendant had a possible alibi defense. Where there was an admissible statement by defendant admitting to acts of sexual intercourse with victim within the period of limitations, he was not prejudiced by the denial of the bill of particulars and the motion to elect. *See, State v. Davis,* 675 S.W.2d 410, 417[11] (Mo.App.1984); *and see, Douglas,* 720 S.W.2d 390, and *Kammerich,* 550 S.W.2d 931.

■ The police contacted defendant on February 28, 1985, and set up an appointment for the next day. Within an hour of the call defendant came to the police station to speak with the officer. Defendant was given his Miranda warnings and he checked off the waiver form indicating he understood his rights. Defendant did not make a written statement because, "he didn't know how to put it in writing." He did make an oral statement. The officer noted defendant was nervous; that does not make his statement involuntary. The trial court did not err in denying defendant's motion to suppress. *Connecticut v. Barrett,* 479 U.S. ——, ——, 107 S.Ct. 828, 832–33[1, 2], 93 L.Ed.2d 920, 928–29 (1987); *State v. Hughes,* 596 S.W.2d 723, (Mo. banc 1980). Defendant's last point is denied.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.