STATE of Missouri, Plaintiff–
Respondent,

v.

James ROBERTSON, Defendant–
Appellant.

James ROBERTSON, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

Nos. 16751, 17336.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 18, 1991.

Rosalynn Koch, Columbia, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

A jury found defendant James Robertson guilty of sexual assault in the first degree, § 566.040,[1] and he was sentenced to seven years' imprisonment. Defendant appeals, and that appeal is Case No. 16751. After the jury trial, defendant filed a motion under Rule 29.15 seeking postconviction relief. The motion was denied without evidentiary hearing. Defendant appeals from that denial, and that appeal is Case No. 17336. The appeals have been consolidated and will be dealt with separately in this opinion.

### No. 16751

The information, in addition to its formal portions, charged that the defendant, on or about July 31, 1989, in Dallas County, "had sexual intercourse with [S], to whom defendant was not married and who was then 14 or 15 years old."

S, the victim, is defendant's daughter, who was born August 10, 1974. The state's witnesses were S, her two teenage brothers, and a gynecologist. There was no defense witness. Since defendant does not challenge the sufficiency of the evidence to support the conviction, it is unnecessary to set forth in detail the sordid facts.

Defendant's sole point is that the trial court erred in receiving into evidence, over defendant's objection, testimony of S concerning "other sexual acts" committed by defendant, and to permit the state to "use and argue such facts" because "such evi-

dence constituted impermissible evidence of other crimes" and "the danger existed that the jury convicted defendant on the basis of the uncharged and not the charged crimes (sic)," thereby depriving defendant of his right to a fair trial.

S testified that in July 1989 she lived in Dallas County "with my two brothers and my little sister and my dad." She said she understood what sexual intercourse was and that on July 31, 1989, she had sexual intercourse with defendant. Without objection, she testified that the July 31 incident was not the first time she and the defendant had sexual intercourse. The first time was when she was 12.

█ As defendant's brief accurately states, the prosecutor then questioned S about her previous sexual experiences with defendant. The examination covered three pages in the transcript. Over defendant's objection, S described other acts of sexual intercourse and sodomy to which defendant subjected her. This is the challenged evidence.

In *State v. Akers,* 328 S.W.2d 31, 33–34 (Mo.1959), the court said:

> While proof of other distinct crimes is not ordinarily admissible, it is proper in a prosecution for incest to admit evidence of other acts of sexual intercourse committed by the defendant and the prosecutrix prior to the act upon which the prosecution is based "as well also as any acts of 'lascivious familiarity between the parties, not amounting to actual intercourse, * * * since such evidence is of such a character as tends to make it probable that the parties did commit the specific offense charged. They constitute the foundation for an antecedent probability.'"

See also *State v. Taylor,* 735 S.W.2d 412, 417–418 (Mo.App.1987). See, generally, 77 A.L.R.2d 841 (Evidence—similar sexual offense), l.c. 878, § 27 (previous acts of incest with prosecutrix).

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Mis-souri Rules of Court, V.A.M.R.

■ Where a defendant is charged with committing a sexual crime against a child, evidence of acts of sexual misconduct committed at other times by defendant against the same victim is generally admissible. *State v. Wood*, 719 S.W.2d 756, 757–758[1] (Mo. banc 1986); *State v. Graham*, 641 S.W.2d 102, 105 (Mo. banc 1982); *State v. Garner*, 481 S.W.2d 239, 241 (Mo.1972); *State v. Simerly*, 463 S.W.2d 846, 847–848 (Mo.1971); *State v. Tyler*, 306 S.W.2d 452, 457[4] (Mo.1957); *State v. DeClue*, 805 S.W.2d 253, 258–259 (Mo.App.1991); *State v. Christeson*, 780 S.W.2d 119, 123 (Mo. App.1989); *State v. Taylor*, 735 S.W.2d 412, 418 (Mo.App.1987); *State v. Brakensiek*, 734 S.W.2d 578, 580 (Mo.App.1987). Indeed, evidence of sexual misconduct committed by defendant against other children has been held admissible. *State v. Lachtermann*, 812 S.W.2d 759, 769 (Mo.App. 1991); *State v. Christeson, supra; State v. Taylor, supra; State v. Muthofer*, 731 S.W.2d 504, 508–509 (Mo.App.1987); *State v. Nolan*, 717 S.W.2d 573, 576–577 (Mo. App.1986); *State v. Smith*, 694 S.W.2d 901, 902[2] (Mo.App.1985).

This court holds the challenged evidence was admissible and was properly the subject of argument by the prosecutor. Defendant's point has no merit.

The judgment is affirmed.

### No. 17336

Rule 29.15(e) reads, in pertinent part:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

Movant's sole point is that the trial court erred in denying his Rule 29.15 motion without an evidentiary hearing because the record shows that his counsel, in the Rule 29.15 proceeding, failed to file an amended motion, and the record fails to show that counsel made the determination, as required by Rule 29.15(e), that the filing of an amended motion was not warranted.

After the jury trial, defendant filed, pro se, a timely Rule 29.15 motion seeking postconviction relief. On May 11, 1990, the public defender was appointed to represent movant in the Rule 29.15 proceeding. On that date the public defender requested time in which to file an amended Rule 29.15 motion. On May 17, 1990, the trial court granted an additional 30 days for the filing of an amended motion. No amended motion was filed, and the record is silent as to the reason for the non-filing. On October 5, 1990, the trial court entered its order denying the pro se motion.

■ Where, as here, the record does not show whether appointed counsel made the determinations required by Rule 29.-15(e), the presumption is that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, that determination should be made a part of the record. If there is no record of activity by counsel on movant's behalf, the motion court must make an inquiry regarding the performances of both movant and counsel. If the failure to file the amended motion is due to movant's negligence or intentional failure to act, movant is entitled to no relief other than that which the pro se motion may afford. If the court finds that the failure to file the amended motion is the fault of counsel, the court shall appoint new counsel and shall allow time to file an amended motion, if necessary, as permitted by Rule 29.15(f). *State v. Bradley*, 811 S.W.2d 379, 385 (Mo. banc 1991); *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991); *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991); *Soto v. State*, 813 S.W.2d 126 (Mo.App.1991).

With commendable candor, the brief of the state, as respondent, agrees that the defective record requires remand to the motion court.

The order of October 15, 1990, is reversed and the cause remanded to the trial

court for further proceedings consistent with this opinion. It is so ordered.

SHRUM, P.J., and MONTGOMERY, J., concur.