**James N. ROBERTSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18345.**

Missouri Court of Appeals,
Southern District,
Division One.

April 12, 1993.

Brad B. Baker, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Aundreia R. Alexander, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

This appeal is the successor to *State v. Robertson*, 816 S.W.2d 952 (Mo.App.1991), a consolidated appeal by James N. Robertson ("Movant") of (a) his conviction of sexual assault in the first degree, and (b) the denial of postconviction relief in a proceeding under Rule 29.15.[1] In that opinion, this Court affirmed the conviction, but reversed the order in the 29.15 proceeding and remanded it to the motion court for a finding as to whether Movant's lawyer made the determinations required by Rule 29.15(e), which reads:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.....

On remand, the motion court conducted an evidentiary hearing June 18, 1992. Movant was not present in person, but was represented by Stephen T. Lada, a public defender.

At the start of the hearing, Lada told the motion court: he planned to take Movant's deposition, and sent Movant letters April 16, 1992, and May 12, 1992, about the matter; Movant did not respond; on May 28, 1992, Lada telephoned the institution where Movant was imprisoned, asking to speak to him, but was told Movant said, "A snake's a snake. Go tell him to fly a kite," or words to that effect; undaunted, Lada took a court reporter to the institution at the designated time and asked for Movant; a guard told Lada that Movant did not want to speak with any attorney; Lada renewed his request to see Movant and was allowed to do so; Movant told Lada he (Movant) refused to speak and wanted to leave; Lada thereupon departed the institution.

Summarizing his plight to the motion court, Lada reported:

[I]t appeared to me that Mr. Robertson did not wish to cooperate with me in any way. I saw no further way of assisting him in this matter without his cooperation. I'm at the point now where I'm not exactly sure how to proceed. I really don't know if Mr. Robertson wants to pursue this matter or not.

In an extraordinary demonstration of fealty to Movant, Lada presented testimony by S. Dean Price, the public defender originally appointed to represent Movant in the 29.15 proceeding.

Price recounted: he discussed the 29.15 proceeding with Movant by telephone; every issue Movant wanted to pursue was a trial error; Price advised Movant those issues would be presented in the direct ap-

---

**1.** Rule references are to Missouri Rules of Criminal Procedure (1990).

peal, not the 29.15 proceeding; Movant told Price "to just dismiss the 29.15" so he could proceed with the appeal and "it could be decided in a more timely fashion."

Price acknowledged Movant's pro se motion contained conclusional allegations of ineffective assistance of counsel. Price testified he told Movant such issues were cognizable in the 29.15 proceeding, but also explained to Movant that he (Price) saw nothing in the transcript constituting a meritorious claim for ineffective assistance. Price continued:

> I do recall very clearly ... explaining to him how much time it would take to get the case set for an evidentiary hearing, to get him writed [sic] down here, to have a hearing, to perfect an appeal on that, and the whole time his direct appeal being stayed by the Southern District Court of Appeals. I remember vividly that discussion. My recollection is after we had the discussion he voluntarily told me he did not want to pursue it.

As noted in this Court's earlier opinion, no amended motion was filed in the 29.15 action. 816 S.W.2d at 954. The record in the earlier appeal was silent as to why. *Id.* That was the reason for the remand. *Id.*

At the end of the hearing June 18, 1992, the motion court announced:

> The Court finds no violation of any rights of the defendant. The Court believes Mr. Price did an exemplary job with what he had to deal with. And the Court further observes that here on the one hand the public defender system has got the case remanded back and the defendant doesn't even want us to proceed.... I think there definitely was no abandonment of his client by Mr. Price.

On the docket sheet, the motion court wrote: "Court finds no abandonment of client."

In the instant appeal, Movant (represented by yet another public defender) presents two claims of error. Boiled down, they are: (1) the motion court failed to enter findings of fact and conclusions of law on the issue of whether Movant was abandoned by lawyer Price, thereby violating Rule 29.15(i) and preventing meaningful ap-

pellate review, and (2) the motion court erred in finding Movant was not abandoned by lawyer Price.

Rule 29.15(i) reads:

> The court shall issue findings of fact and conclusions of law on all issues presented....

The State argues the above rule applies only to issues raised by a prisoner's attack on the conviction itself, not issues about performance of postconviction counsel.

■ It is unnecessary to decide that question in this appeal. There is no precise formula for findings and conclusions of a motion court in a postconviction proceeding; they are sufficient if they permit review of the judgment. *State v. Hamilton,* 817 S.W.2d 8, 11[12] (Mo.App.1991); *State v. Adams,* 791 S.W.2d 761, 765 (Mo.App. 1990). Findings and conclusions need only be responsive to the issues raised. *Hamilton,* 817 S.W.2d at 11[13]; *Harry v. State,* 800 S.W.2d 111, 116[13] (Mo.App.1990).

■ Here, the issue before the motion court on remand was whether lawyer Price made the determinations required by Rule 29.15(e), quoted *supra.* The motion court's verbal findings, quoted *supra,* were responsive to that issue. While the motion court did not explicitly find Price made the determinations required by Rule 29.15(e), Price's testimony showed he advised Movant of the issues cognizable in a 29.15 proceeding and specifically discussed ineffective assistance of counsel, telling Movant he (Price) found nothing in the transcript constituting a meritorious claim for ineffective assistance. Additionally, Price testified Movant stated he did not want to pursue the 29.15 action.

The motion court obviously believed Price's testimony, finding no abandonment of Movant by Price. Given the narrow issue for determination on remand, we hold the motion court's findings are adequate for appellate review. As shall appear *infra,* we perform that review in addressing Movant's second point. His first point is denied.

Movant's second point asserts the evidence demonstrates lawyer Price failed to ascertain whether the pro se motion pled sufficient facts to support the grounds for relief asserted therein and failed to determine whether Movant had set forth all grounds for relief known to him. Movant argues, "Price admitted that one of [Movant's] pro se claims did allege a cognizable claim of ineffective assistance of counsel."

That is a misleading description of Price's testimony. In context, Price's testimony makes it clear he told Movant most of the issues in the pro se motion were allegations of trial error, unsuitable for a 29.15 proceeding. Price further explained to Movant that claims of ineffective assistance of counsel are cognizable in such a proceeding; however, Price found nothing in the transcript constituting a meritorious claim of ineffective assistance. The phrase "cognizable claim of ineffective assistance of counsel," employed in Movant's brief, could possibly be understood as indicating an arguably meritorious ground for relief. That is not the thrust of Price's testimony.

According to Price, after receiving his advice, Movant told Price he (Movant) did not want to pursue the 29.15 action, hence Price filed no amended motion.

Price's testimony (obviously found credible by the motion court) establishes Price undertook the duties imposed by Rule 29.-15(e), but was directed by Movant to abandon the 29.15 action in order to accelerate the direct appeal. Nothing in Rule 29.15 requires counsel to pursue a postconviction proceeding if the prisoner, for reasons important to him, knowingly elects to abandon it.

What we have said is sufficient to deny Movant's second point. However, we are struck by the following statement in his brief: "Price's ... statements and assertions before the motion court were totally self-serving and unworthy of belief."

If Movant's present lawyer believes, in good faith, that Price lied in the motion court, so be it. However, if Movant's present lawyer considers himself duty-bound to accuse Price of falsehood simply because that is the only avenue to obtain reversal of the motion court's order, a redefinition of the duties of appointed postconviction counsel is needed.[2]

Throughout this epic, Movant's appointed lawyers have expended uncommon effort, evidently with scant encouragement from Movant. The lawyer who represented Movant in the original appeal won reversal of the order denying postconviction relief, even though (as it now appears) Movant did not want to pursue the 29.15 action. Although Movant ignored lawyer Lada's letters and manifested hostility when Lada attempted to telephone him, Lada went to the incarceration site to offer his services. Even after Movant spurned him, Lada presented evidence in the motion court regarding the issue on remand. In the instant appeal, Movant's present lawyer has filed a 16–page brief and has accused lawyer Price of prevarication. Laymen who bear the tax burden of providing counsel for indigent convicted felons might possibly view this case as an example of an excessive extension of the "right to counsel."

Movant's second point is denied.

Neither in the original appeal nor this appeal did Movant challenge any finding or conclusion of the motion court in its order of October 5, 1990, denying relief. That order is affirmed.

PARRISH, C.J., and SHRUM, J., concur.

---

2. Nothing in the record indicates Movant himself disputes Price's testimony.